1  Stephanie A. Hingle (SBN 199396)
   Rebecca Kim (SBN 276163)
2  KUTAK ROCK LLP
   777 South Figueroa St., Suite 4550
3  Los Angeles, CA 90071-3329
   Telephone: (213) 312-4000
4  Facsimile: (213) 312-4001
   Email: Stephanie.Hingle@KutakRock.com
5  Email: Rebecca.Kim@KutakRock.com

6  Attorneys for Defendants
   NIKE INC., NIKE RETAIL SERVICES
7  INC., and NIKE USA INC.

8

                    UNITED STATES DISTRICT COURT
9
                   CENTRAL DISTRICT OF CALIFORNIA
10
                        WESTERN DIVISION
11

12  | ROBIN BROUILLETTE, an individual; | Case No. |
    | --- | --- |
13  | | **NOTICE OF REMOVAL FILED ON BEHALF OF DEFENDANTS NIKE INC., NIKE RETAIL SERVICES INC., AND NIKE USA INC.** |
    | Plaintiff, | |
14  | v. | |
15  | | **[Jury Trial Demanded]** |
    | NIKE, INC.; NIKE RETAIL SERVICES, INC.; NIKE USA, INC.; and DOES 1-50, inclusive; | (Los Angeles County Superior Court Case No. 21STCV01476) |
16  | | |
17  | Defendants. | |
18

19

20      **TO THE CLERK, ALL PARTIES, AND THEIR ATTORNEYS OF**

21  **RECORD:**

22      **PLEASE TAKE NOTICE** that Defendants Nike Inc., Nike Retail Services

23  Inc., and Nike USA Inc. (hereinafter "NIKE"), by their undersigned counsel,

24  hereby remove the above-entitled state court action styled Robin Brouillette v. Nike

25  Inc., et al., Superior Court of the State of California, County of Los Angeles, Case

26  No.: 21STCV01476, to the United States District Court of California, Western

27  Division.

28  / / /

KUTAK ROCK LLP
ATTORNEYS AT LAW
LOS ANGELES                                    CASE NO.:

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441 (B) (DIVERSITY)
4811-0737-5069.1

This Notice of Removal is filed pursuant to 28 U.S.C. sections 1332, 1441 and 1446 and, in support hereof, NIKE hereby states as follows:

1. <u>Introduction</u>

This case is hereby removed from state court to federal court because there is complete diversity between Plaintiff Robin Brouillette ("Plaintiff") and all properly named and served Defendants. Further, the amount in controversy exceeds $75,000.00. Therefore, this Court has original jurisdiction under 28 U.S.C. § 1332.

2. <u>The State Court Action</u>

On or about January 14, 2021, a civil action was commenced in the Superior Court of the State of California in Los Angeles County entitled, *Robin Brouillette v. Nike Inc., et al.*, having been assigned Case No. 21STCV01476 (Los Angeles Super. Ct. January 14, 2021.) The Complaint asserts claims for (1) Negligence; and (2) Premises Liability. (See Plaintiffs' Complaint, attached hereto as Exhibit "A.") Plaintiffs generally allege that Robin Brouillette sustained physical injuries as the result of a slip and fall accident on NIKE's premises. (See *Id.* at ¶¶ 14 through 20.)

On or about February 4, 2021, Plaintiff served a copy of the Summons and Complaint on NIKE. (See Exhibit "B.") On or about March 3, 2021, NIKE filed its general denial Answer and Affirmative Defenses to Plaintiff's Complaint. (See Defendants Nike Inc., Nike Retail Services Inc. and Nike USA Inc.'s Answer and Affirmative Defenses, attached hereto as Exhibit "C.")

3. <u>Pleading and Process</u>

As required by 28 U.S.C. § 1446(a), attached are copies of all state court process, pleadings and orders served upon the Manufacturing Defendants in the removed case. (See Exhibits "A", "B" and "C.")

4. <u>The Removal is Timely</u>

The Manufacturing Defendants are informed and believe that the first date upon which any named defendant was served with a copy of said Complaint in the removed case was February 4, 2021, when each of the NIKE defendants were

KUTAK ROCK LLP
ATTORNEYS AT LAW
LOS ANGELES

CASE NO.:

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441 (B) (DIVERSITY)

4811-0737-5069.1

1  served with a copy of the Summons and Complaint through their registered agent

2  for service of process, Computershare Governance Services Inc.  (See Service of

3  Process Transmittals for each of the Manufacturing Defendants, attached

4  collectively hereto as Exhibit "B.") Accordingly, this Notice of Removal is filed

5  within 30 days of service upon any defendant and, therefore, is timely under 28

6  U.S.C. § 1446(b).  (See *United Computer Sys. v. AT&T Corp.,* 298 F3d 756, 762

7  (9th Cir. 2002).)

8       5.    <u>Basis for Removal – Diversity Jurisdiction</u>

9       This is a civil action that falls within the Court's original jurisdiction under

10  28 U.S.C. § 1332 (diversity of citizenship), and is one which may be removed to

11  this Court by NIKE pursuant to the provisions of 28 U.S.C. § 1441 in that it is a

12  civil action between citizens of different states and the matter in controversy

13  exceeds the sum of $75,000, exclusive of interest and costs.

14       6.    <u>Amount in Controversy</u>

15       a.    The amount in controversy for this matter exceeds $75,000,

16  exclusive of interest and costs.  (See 28 U.S.C. § 1332.)  California law prohibits

17  Plaintiffs from stating in their Complaint the amount of damages claimed.  (See

18  Cal. Code of Civil Procedure § 425.10 (b) (specific amount of damages in personal

19  injury or wrongful death action may not be stated in complaint).)  However, along

20  with the Complaint, Plaintiff filed a Statement of Damages on or about

21  January 14, 2021 which seeks economic damages in the amount of $1,000,000.00

22  and non-economic damages in the amount of $2,000,000.00. (See Plaintiff's

23  Statement of Damages, attached hereto as Exhibit "D.")  Thus, the amount of

24  damages sought exceeds the jurisdictional limit and removal is proper.

25       Removal is also proper because a fair reading of the Complaint shows that

26  the amount in controversy requirement has been met.  (See *Kenneth Rothchild Trust*

27  *v. Morgan Stanley Dean Witter*, 199 F.Supp.2d 993 (C.D. Cal. 2002).)

28  / / /

KUTAK ROCK LLP
ATTORNEYS AT LAW
LOS ANGELES

- 3 -          CASE NO.:
NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441 (B) (DIVERSITY)
4811-0737-5069.1

b.     Where a plaintiff's complaint does not specify the amount of damages being sought, whether or not the amount in controversy exceeds jurisdictional limits can be ascertained from the complaint.  (See *Singer v. State Farm Mut. Auto Ins. Co.,* 116 F.3d 373, 376 (9th Cir. 1997).  This burden can easily be met if it is facially apparent from the allegations in the complaint that the plaintiff's claims exceed $75,000.00.  (See *Kenneth Rothchild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d at 998; see also *Campbell v. State Farm Mut. Auto Ins. Co.,* No. CV87-7759 JMI (GHKx), 1988 U.S. Dist. LEXIS 19496, 2-3 (C.D. Cal. 1988) ("For removal purposes, the amount in controversy is to be determined by the allegations in the complaint or where they are not dispositive, by allegations in the petition for removal"); *Davenport v. Procter & Gamble Mfg. Co*., 241 F2d 511, 514 (2nd Cir. 1957) ("Removability is determined by the allegations of the complaint if it sets up the amount in controversy, and, if it does not, the court may look to the petition for removal").)

c.     Plaintiff alleges that she sustained physical injuries, emotional distress, and incurred past and future medical expenses and lost earnings as the result of a slip and fall accident on NIKE's premises. (Complaint at ¶¶ 14 through 20.)  As a result, Plaintiff seeks a total of $3,000,000.00 in economic and non-economic damages against NIKE.  (See Exhibit "D.")

d.     Based on these allegations, the alleged damages involved, and on the experience of the undersigned counsel and Defendants in premises liability cases, the amount in controversy exceeds the sum of $75,000.00.  (See *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883-884 (5th Cir. 2000) (damages in slip-and-fall case for "medical expenses, physical pain and suffering, mental anguish and suffering, loss of enjoyment of life, loss of wages and earning capacity, and permanent disability and disfigurement" met the jurisdictional threshold); *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (removal proper where it is facially apparent that amount in controversy exceeds $75,000).)

KUTAK ROCK LLP
ATTORNEYS AT LAW
LOS ANGELES

- 4 -      CASE NO.:

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441 (B) (DIVERSITY)
4811-0737-5069.1

e.     A fair reading of these allegations reveals that the alleged damages involved are substantial and exceed $75,000.00, exclusive of interest and costs, and that this case meets the jurisdictional requirement.

7.     <u>Citizenship of the Parties</u>

The requisite complete diversity of citizenship exists between Plaintiffs and all properly named and served Defendants. (See 28 U.S.C. §1332.)

a.     Plaintiff is now and was at the time of filing of the Complaint residents of the state of California.   (Complaint at ¶ 1.)   Plaintiff is therefore a California citizen for purposes of federal diversity jurisdiction.   (See 28 U.S.C. § 1332(a); *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).)

b.     Nike Inc. is a corporation organized and existing under the laws of the State of Oregon, with its principal place of business in the State of Oregon. (Complaint at ¶ 2.)  Nike Inc. was a citizen of the State of Oregon at the time of the filing of the Complaint for purposes of federal diversity jurisdiction.

c.     Nike Retail Services Inc. is a corporation organized and existing under the laws of the State of Oregon, with its principal place of business in the State of Oregon.   (Complaint at ¶ 2.) Nike Retail Services Inc. was a citizen of the State of Oregon at the time of the filing of the Complaint for purposes of federal diversity jurisdiction.

d.     Nike USA Inc. is a corporation organized and existing under the laws of the State of Oregon, with its principal place of business in the State of Oregon.  (Complaint at ¶ 2.)  Nike USA Inc. was a citizen of the State of Oregon at the time of the filing of the Complaint for purposes of federal diversity jurisdiction.

8.     <u>Notice Given</u>

Pursuant to 28 U.S.C. § 1446(d), NIKE is filing this Notice of Removal concurrently with the State Court in which the action is currently pending.   In addition, Notice of Filing Notice of Removal was served concurrently on Plaintiff's counsel.

KUTAK ROCK LLP
ATTORNEYS AT LAW
LOS ANGELES

- 5 -     CASE NO.:

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441 (B) (DIVERSITY)

4811-0737-5069.1

1    9.    <u>Venue</u>

2       The United States District Court of the Central District of California,

3 Western Division, embraces the county in which the State Court action is now

4 pending and, therefore, this Court is a proper venue for this action. 28 U.S.C. §§

5 84(c)(1), 1441(a).

6    10.    <u>Additional Discovery, Briefing, and Argument</u>

7       If any question arises as to the propriety of this removal, NIKE requests the

8 opportunity to conduct discovery or brief any disputed issues and to present oral

9 argument in support of their position that this case is properly removable.

10    11.    <u>Non-Waiver of Defenses</u>

11       Nothing in this Notice of Removal or related documents shall be interpreted

12 as a waiver or relinquishment of NIKE's right to assert any defense or affirmative

13 matter in this proceeding.

14    12.    <u>Conclusion</u>

15       Accordingly, NIKE respectfully requests that this action now pending in the

16 Los Angeles County Superior Court, be removed to this Court and that this action

17 be placed upon the  docket of this Court for further proceedings as though

18 originally instituted in this Court.

19 Dated:      March 4, 2021        KUTAK ROCK LLP

20

21                   By: _____

22                     Stephanie A. Hingle
                       Rebecca Kim

23                     Attorneys for Defendants
                    NIKE INC., NIKE RETAIL

24                     SERVICES INC., and NIKE USA,
                    INC.

25

26

27

28

KUTAK ROCK LLP
ATTORNEYS AT LAW
LOS ANGELES

- 6 -     CASE NO.:

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441 (B) (DIVERSITY)
4811-0737-5069.1

# EXHIBIT A

Assigned for all purposes to: Spring Street Courthouse, Judicial Officer: Thomas Long

Electronically FILED by Superior Court of California, County of Los Angeles on 01/14/2021 08:00 AM Sherri R. Carter, Executive Officer/Clerk of Court, by M. Barel,Deputy Clerk

**ROBINS CLOUD LLP**
Robert T. Bryson (SBN 156953)
Bradley R. Fagnani (SBN 261330)
808 Wilshire Blvd., Suite 450
Santa Monica, California 90401
Telephone (310) 929-4200
Facsimile (310) 566-5900
rbryson@robinscloud.com
bfagnani@robinscloud.com

Attorneys for Plaintiff,
ROBIN BROUILLETTE

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES

| | |
|---|---|
| ROBIN BROUILLETTE, an individual;<br><br>          Plaintiff,<br><br>vs.<br><br>NIKE, INC.;  NIKE RETAIL SERVICES, INC.; NIKE USA, INC.; and DOES 1-50, inclusive;<br><br>          Defendants. | CASE NO:  21STCV01476<br><br>**COMPLAINT FOR DAMAGES FOR:**<br><br>  (1) Negligence<br>  (2) Premises Liability<br><br>**DEMAND FOR JURY TRIAL**<br><br>[UNLIMITED CIVIL ACTION] |

Plaintiff, ROBIN BROUILLETTE ("BROUILLETTE" or "Plaintiff"), by and through the undersigned counsel, hereby brings this Complaint for Damages against Defendants NIKE, INC., NIKE RETAIL SERVICES, INC., NIKE USA, INC., and DOES 1-50, inclusive ("NIKE" or "Defendants").

### I.   PARTIES, VENUE AND JURISDICTION

1. At all times herein mentioned, Plaintiff was and is a resident of the County of Los Angeles, State of California.

2. Plaintiff is informed and believes and thereon alleges that at all time relevant hereto, Defendant NIKE, is an Oregon corporation doing business, including but not limited to the operation of a retail store, in the County of Los Angeles, State of California.

1
**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

3.      NIKE is headquartered at One Bowerman Drive, Beaverton, Oregon, 97005 and can be served via its agent for service of process, United Agent Group, Inc., 4640 Admiralty Way, 5th Floor, Marina Del Rey, California, 90292.

4.      Plaintiff does not know the true names and identities of those Defendants designated as DOES 1 through 50, inclusive, but allege that each of the said fictitiously named Defendants was intentionally, negligently, and unlawfully responsible for the events herein described, and for the injuries and damages sustained by Plaintiff. Plaintiff is informed and believes, and thereon alleges that at all times herein mentioned, DOES 1-50 perpetrated some or all of the wrongful acts alleged herein and at least one of such fictitiously named DOE Defendants is a resident of the State of California. Therefore, each is responsible in some manner for the allegations set forth herein, and is jointly and severally liable to Plaintiff. Plaintiff will seek leave of court to amend this Complaint to state the true name and capacities of such fictitiously named Doe Defendants when ascertained.

5.      The combined acts and/or omissions of each Defendant resulted in indivisible injuries to Plaintiff.  Each of the above-named Defendants is a joint tortfeasor and/or agent of one another and is jointly and severally liable to Plaintiff for the negligent and/or intentional acts and omissions alleged herein. Each of the above-named Defendants directed, authorized or ratified the conduct of each and every other Defendant and/or their employees or agents, or are jointly and vicariously liable for the acts of each other Defendant. At all relevant times, each Defendant acted in all aspects as the agent, employee and/or alter ego of each other.

6.      This Court has personal jurisdiction over Defendants. Defendants are and were at all relevant times residents of and/or authorized to conduct business in the State of California and Defendants conducted such business within the State including the performance of acts that caused or contributed to the harm giving rise to this action.

7.      Venue in this matter is proper in the County of Los Angeles because that is where the injury complained of occurred.  See C.C.P. § 395.

///

///

///

8.      This Court has subject matter jurisdiction of this matter, as the action incorporates an amount in controversy which exceeds the minimum jurisdictional limits.

## II.      FACTUAL BACKGROUND

9.      At all times herein mentioned Defendant NIKE was the possessor, operator, and/or lessee of the real property located at 189 The Grove Dr., Space Q-30, Los Angeles, California, 90036 (hereinafter referred to as "Subject Property").

10.     At all times herein mentioned Defendant NIKE controlled and/or managed the Subject Property which consists of a retail store.

11.     On or about January 29, 2019, Plaintiff entered the subject property and slipped and fell on a black, plastic, clothing "clip" which the NIKE employees had been throwing around the store prior to Plaintiff entering.

12.     As a result of Defendants' negligence, Plaintiff sustained physical injuries, pain and suffering which necessitated medical treatment. Plaintiff was also disabled from work.

## III.      FIRST CAUSE OF ACTION

### Negligence

### (By Plaintiff as Against All Defendants and Does 1-25)

13.     Plaintiff incorporates by reference each and every paragraph of this Complaint as though set forth in full in this cause of action.

14.     At all times mentioned herein, Defendants were the possessors, operators and/or lessees of the real property located at 189 The Grove Dr., Space Q-30, Los Angeles, California, 90036 (hereinafter referred to as the "Subject Property").

15.     At all times mentioned herein, Defendants controlled, operated and managed the Subject Property.

16.     At all times mentioned herein, Defendants owed Plaintiff a duty to exercise reasonable care as a customer of Defendants' retail store at the Subject Property.

17.     Defendants failed to act with reasonable care by:

a.      Failing to conduct reasonable inspections of the Subject Property;

b.      Failing to warn of the dangerous condition posed by the clip on the floor;

3

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

EXHIBIT "A" Page 10 of 158

c.    Failing to remove the clip from the floor;

d.    Failing to act with reasonable care under the circumstances so as to protect the life, health, and safety of Plaintiff; and

e.    Otherwise failing to act with reasonable care under the circumstances involved in the subject incident.

18.    As a direct and proximate result of Defendants' conduct, Plaintiff slipped on the clip and fell onto the floor. As a further direct and proximate result of Defendants' conduct, Plaintiff has suffered and continues to suffer from physical injuries.

19.    As a direct and proximate result of Defendants' conduct, Plaintiff has suffered, and continues to suffer, general damages, pain, suffering and emotional distress in an amount that will be proven at time of trial.

20.    As a further direct and proximate result of Defendants' conduct, Plaintiff has suffered, and continues to suffer, economic loss including, but not limited to, loss of earnings, loss of earning potential, out-of-pocket medical expenses in an amount that will be proven at time of trial.

## IV.    SECOND CAUSE OF ACTION

### Premises Liability

### (By Plaintiff as Against All Defendants and DOES 26 through 50)

21.    Plaintiff hereby incorporates each of the preceding paragraphs, as though fully set forth herein.

22.    A possessor, operator, and/or lessee of a premises has a duty to exercise reasonable care in inspecting, maintaining, repairing, and/or managing his/her property in order to avoid exposing persons on the premises to an unreasonable risk of harm.

23.    At all times mentioned herein, Defendants, controlled, operated, and managed the Subject Property.

24.    Defendants failed to act with reasonable care by:

a.    Failing to conduct reasonable inspections of the Subject Property;

b.    Failing to warn of the dangerous condition posed by the clip on the floor;

4

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

c.   Failing to remove the clip from the floor;

d.   Failing to act with reasonable care under the circumstances so as to protect the life, health, and safety of Plaintiff; and

e.   Otherwise failing to act with reasonable care under the circumstances involved in the subject incident.

25.   At all times herein mentioned, Defendants in the exercise of reasonable care and caution, knew or should have known that the above-described condition of e Subject Property was dangerous, defective, and/or created a substantial risk of the type of injury herein alleged when used with due care in a manner that was reasonably foreseeable. Defendants, through the use of reasonable care, should have discovered, remedied, and/or warned of the unreasonable risk of harm posed by the clip to customers, including Plaintiff.

26.   The negligence and carelessness of Defendants was the proximate cause of Plaintiff's injuries and damages.

27.   Each of these actions and/or inactions affirmatively contributed to and was a substantial factor in causing Plaintiff's physical injuries in an amount to be proven at the time of trial.

28.   Each of these actions and/or inactions affirmatively contributed to and was a substantial factor in causing Plaintiff to suffer general damages, pain, suffering, and/or emotional distress in an amount to be proven at the time of trial.

29.   Each of these actions and/or inactions affirmatively contributed to and was a substantial factor in causing Plaintiff to suffer economic loss including, but not limited to, loss of earnings, loss of earning potential, and/or out-of-pocket medical expenses in an amount to be proven at the time of trial.

## V.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant, as follows:

1.   For general damages in a sum in excess of the minimum jurisdiction of this Court;

2.   For special damages, including but not limited to past and future medical expenses, loss of earnings, loss of earning capacity, out-of-pocket medical expenses according to proof;

1   3.  For costs of suit and pre-judgment interest, according to proof; and

2   4.  For such other and further relief as the Court deems just and proper.

3

4 Dated:  January 14, 2021    **ROBINS CLOUD LLP**

5

6

7         By: _____

           Robert T. Bryson, Esq.

8           Bradley R. Fagnani, Esq.

           Attorneys for Plaintiff

9           ROBIN BOUILLETTE

10

11        **DEMAND FOR JURY TRIAL**

12

13  Plaintiff hereby demands a jury trial on all issues so triable.

14

15 Dated:  January 14, 2021    **ROBINS CLOUD LLP**

16

17

18         By: _____

           Robert T. Bryson

19           Bradley R. Fagnani

           Attorneys for Plaintiff,

20           ROBIN BOUILLETTE

21

22

23

24

25

26

27

28

<div align="center">6</div>

# EXHIBIT B

 **Computershare**

**Computershare Governance Services, Inc.**
100 Beard Sawmill Road, Shelton, CT 06484

02/05/2021

NIKE USA, Inc.
Carolyn Gutsick
NIKE, Inc.
One Bowerman Drive, Air Ace
Beaverton OR 97005

# SERVICE OF PROCESS NOTICE

Item: 2021-102

The following is a courtesy summary of the enclosed document(s).  **ALL information should be verified by you.**

Note: Any questions regarding the substance of the matter described below, including the status or how to respond, should be directed to the contact set forth in line 12 below or to the court or government agency where the matter is being heard.

| 1. | Entity Served: | NIKE USA, Inc. |
|---|---|---|
| 2. | Title of Action: | Robin Brouillette vs. Nike, Inc., et al. |
| 3. | Document(s) Served: | Summons<br>Complaint for Damages and Demand for Jury Trial<br>Civil Case Cover Sheet<br>Civil Case Cover Sheet Addendum and Statement of Location |
| 4. | Court/Agency: | Los Angeles County Superior Court |
| 5. | State Served: | California |
| 6. | Case Number: | 21STCV01476 |
| 7. | Case Type: | Negligence/Personal Injury |
| 8. | Method of Service: | Hand Delivered |
| 9. | Date Received: | Thursday 02/04/2021 |
| 10. | Date to Client: | Friday 02/05/2021 |
| 11. | # Days When Answer Due:<br>Answer Due Date: | 30<br>Saturday 03/06/2021 | CAUTION: Client is solely responsible for verifying the accuracy of the estimated Answer Due Date. To avoid missing a crucial deadline, we recommend immediately confirming in writing with opposing counsel that the date of the service in their records matches the Date Received. |
| 12. | Sop Sender:<br>(Name, City, State, and Phone Number) | Robert T. Bryson<br>Santa Monica, CA<br>310-929-4200 |
| 13. | Shipped To Client By: | Email Only with PDF Link |
| 14. | Tracking Number: | |
| 15. | Handled By: | 051 |
| 16. | Notes: | Also Attached:<br>* Statement of Damages<br>* Plaintiff's Notice of Posting Jury Fees, etc. |

NOTE: This notice and the information above is provided for general informational purposes only and should not be considered a legal opinion. The client and their legal counsel are solely responsible for reviewing the service of process and verifying the accuracy of all information. At ComputerShare, we take pride in developing systems that effectively manage risk so our clients feel comfortable with the reliability of our service. We always deliver service of process so our clients avoid the risk of a default judgment. As registered agent, our role is to receive and forward service of process.  To decrease risk for our clients, it is not our role to determine the merits of whether service of process is valid and effective.  It is the role of legal counsel to assess whether service of process is invalid or defective. Registered agent services are provided by United Agent Group Inc.

Phone: 866 820 7754, Option 2 | www.cgsregisteredagent.com

**EXHIBIT "B" Page 15 of 158**

21STCV01476

Electronically FILED by Superior Court of California, County of Los Angeles on 01/14/2021 10:31 AM Sherri R. Carter, Executive Officer/Clerk of Court, by J. Tang,Deputy Clerk

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY |
| --- | --- |
| | *(SOLO PARA USO DE LA CORTE)* |

**NOTICE TO DEFENDANT:** **NIKE, INC.; NIKE RETAIL SERVICES,**
*(AVISO AL DEMANDADO):* **INC.; NIKE USA, INC.; and DOES 1-50,**
**inclusive;**

**YOU ARE BEING SUED by PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
  **ROBIN BROUILLETTE, an individual;**

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

   You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

   There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

   Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

   Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is: | CASE NUMBER: *(Número del Caso):* |
| --- | --- |
| *(El nombre y dirección de la corte es):* **Stanley Mosk Courthouse** | **21STCV01476** |
| **111 N. Hill Street, Los Angeles, CA 90012** | |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
**Robert Bryson/Bradley Fagnani - Robins Cloud LLP - 808 Wilshire Blvd, Ste 450, Santa Monica, CA 90401 - (310) 929-4200**

| DATE: | Sherri R. Carter Executive Officer / Clerk of Court | , Deputy |
| --- | --- | --- |
| *(Fecha)* 01/14/2021 | *(Secretario)* J. Tang | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*

**NOTICE TO THE PERSON SERVED:** You are served

| [SEAL] | 1. ☐ as an individual defendant. |
| --- | --- |
| | 2. ☐ as the person sued under the fictitious name of *(specify)*: |
| | 3. ☒ on behalf of *(specify)*: **NIKE USA, INC.,** |

   under: ☒ CCP 416.10 (corporation)         ☐ CCP 416.60 (minor)
         ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
         ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
         ☐ other *(specify)*:

4. ☒ by personal delivery on *(date)*

Page 1 of 1

| Form Adopted for Mandatory Use | SUMMONS | Code of Civil Procedure §§ 412.20, 465 |
| --- | --- | --- |
| Judicial Council of California | | www.courts.ca.gov |
| SUM-100 [Rev. July 1, 2009] | | |

**EXHIBIT "B" Page 16 of 158**

21STCV01476

Assigned for all purposes to: Spring Street Courthouse, Judicial Officer: Thomas Long

Electronically FILED by Superior Court of California, County of Los Angeles on 01/14/2021 08:00 AM Sherri R. Carter, Executive Officer/Clerk of Court, by M. Barel,Deputy Clerk

1   **ROBINS CLOUD LLP**
    Robert T. Bryson (SBN 156953)
2   Bradley R. Fagnani (SBN 261330)
    808 Wilshire Blvd., Suite 450
3   Santa Monica, California 90401
    Telephone (310) 929-4200
4   Facsimile (310) 566-5900
    rbryson@robinscloud.com
5   bfagnani@robinscloud.com

6
    Attorneys for Plaintiff,
7   ROBIN BROUILLETTE

8                **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9
                        **COUNTY OF LOS ANGELES**
10

11
    ROBIN BROUILLETTE, an individual;          CASE NO: 21STCV01476
12
                  Plaintiff,                   **COMPLAINT FOR DAMAGES FOR:**
13
    vs.                                          (1) Negligence
14                                               (2) Premises Liability
    NIKE, INC.; NIKE RETAIL SERVICES,
15  INC.; NIKE USA, INC.; and DOES 1-50,       **DEMAND FOR JURY TRIAL**
    inclusive;
16                                             [UNLIMITED CIVIL ACTION]
                  Defendants.
17

18

19         Plaintiff, ROBIN BROUILLETTE ("BROUILLETTE" or "Plaintiff"), by and through the

20  undersigned counsel, hereby brings this Complaint for Damages against Defendants NIKE, INC.,

21  NIKE RETAIL SERVICES, INC., NIKE USA, INC., and DOES 1-50, inclusive ("NIKE" or

22  "Defendants").

23                    **I.     PARTIES, VENUE AND JURISDICTION**

24         1.     At all times herein mentioned, Plaintiff was and is a resident of the County of Los

25  Angeles, State of California.

26         2.     Plaintiff is informed and believes and thereon alleges that at all time relevant hereto,

27  Defendant NIKE, is an Oregon corporation doing business, including but not limited to the operation

28  of a retail store, in the County of Los Angeles, State of California.

                                            1
                **COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

1    3.    NIKE is headquartered at One Bowerman Drive, Beaverton, Oregon, 97005 and can be

2  served via its agent for service of process, United Agent Group, Inc., 4640 Admiralty Way, 5th Floor,

3  Marina Del Rey, California, 90292.

4    4.    Plaintiff does not know the true names and identities of those Defendants designated as

5  DOES 1 through 50, inclusive, but allege that each of the said fictitiously named Defendants was

6  intentionally, negligently, and unlawfully responsible for the events herein described, and for the

7  injuries and damages sustained by Plaintiff. Plaintiff is informed and believes, and thereon alleges that

8  at all times herein mentioned, DOES 1-50 perpetrated some or all of the wrongful acts alleged herein

9  and at least one of such fictitiously named DOE Defendants is a resident of the State of California.

10  Therefore, each is responsible in some manner for the allegations set forth herein, and is jointly and

11  severally liable to Plaintiff. Plaintiff will seek leave of court to amend this Complaint to state the true

12  name and capacities of such fictitiously named Doe Defendants when ascertained.

13    5.    The combined acts and/or omissions of each Defendant resulted in indivisible injuries to

14  Plaintiff. Each of the above-named Defendants is a joint tortfeasor and/or agent of one another and is

15  jointly and severally liable to Plaintiff for the negligent and/or intentional acts and omissions alleged

16  herein. Each of the above-named Defendants directed, authorized or ratified the conduct of each and

17  every other Defendant and/or their employees or agents, or are jointly and vicariously liable for the

18  acts of each other Defendant. At all relevant times, each Defendant acted in all aspects as the agent,

19  employee and/or alter ego of each other.

20    6.    This Court has personal jurisdiction over Defendants. Defendants are and were at all

21  relevant times residents of and/or authorized to conduct business in the State of California and

22  Defendants conducted such business within the State including the performance of acts that caused or

23  contributed to the harm giving rise to this action.

24    7.    Venue in this matter is proper in the County of Los Angeles because that is where the

25  injury complained of occurred.  See C.C.P. § 395.

26  ///

27  ///

28  ///

<div align="center">2</div>

<div align="center">COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL</div>

8.     This Court has subject matter jurisdiction of this matter, as the action incorporates an amount in controversy which exceeds the minimum jurisdictional limits.

## II.     FACTUAL BACKGROUND

9.     At all times herein mentioned Defendant NIKE was the possessor, operator, and/or lessee of the real property located at 189 The Grove Dr., Space Q-30, Los Angeles, California, 90036 (hereinafter referred to as "Subject Property").

10.     At all times herein mentioned Defendant NIKE controlled and/or managed the Subject Property which consists of a retail store.

11.     On or about January 29, 2019, Plaintiff entered the subject property and slipped and fell on a black, plastic, clothing "clip" which the NIKE employees had been throwing around the store prior to Plaintiff entering.

12.     As a result of Defendants' negligence, Plaintiff sustained physical injuries, pain and suffering which necessitated medical treatment. Plaintiff was also disabled from work.

## III.     FIRST CAUSE OF ACTION

### Negligence

### (By Plaintiff as Against All Defendants and Does 1-25)

13.     Plaintiff incorporates by reference each and every paragraph of this Complaint as though set forth in full in this cause of action.

14.     At all times mentioned herein, Defendants were the possessors, operators and/or lessees of the real property located at 189 The Grove Dr., Space Q-30, Los Angeles, California, 90036 (hereinafter referred to as the "Subject Property").

15.     At all times mentioned herein, Defendants controlled, operated and managed the Subject Property.

16.     At all times mentioned herein, Defendants owed Plaintiff a duty to exercise reasonable care as a customer of Defendants' retail store at the Subject Property.

17.     Defendants failed to act with reasonable care by:

    a.     Failing to conduct reasonable inspections of the Subject Property;

    b.     Failing to warn of the dangerous condition posed by the clip on the floor;

3

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

c.  Failing to remove the clip from the floor;

d.  Failing to act with reasonable care under the circumstances so as to protect the life, health, and safety of Plaintiff; and

e.  Otherwise failing to act with reasonable care under the circumstances involved in the subject incident.

18.  As a direct and proximate result of Defendants' conduct, Plaintiff slipped on the clip and fell onto the floor. As a further direct and proximate result of Defendants' conduct, Plaintiff has suffered and continues to suffer from physical injuries.

19.  As a direct and proximate result of Defendants' conduct, Plaintiff has suffered, and continues to suffer, general damages, pain, suffering and emotional distress in an amount that will be proven at time of trial.

20.  As a further direct and proximate result of Defendants' conduct, Plaintiff has suffered, and continues to suffer, economic loss including, but not limited to, loss of earnings, loss of earning potential, out-of-pocket medical expenses in an amount that will be proven at time of trial.

## IV.  SECOND CAUSE OF ACTION

### Premises Liability

**(By Plaintiff as Against All Defendants and DOES 26 through 50)**

21.  Plaintiff hereby incorporates each of the preceding paragraphs, as though fully set forth herein.

22.  A possessor, operator, and/or lessee of a premises has a duty to exercise reasonable care in inspecting, maintaining, repairing, and/or managing his/her property in order to avoid exposing persons on the premises to an unreasonable risk of harm.

23.  At all times mentioned herein, Defendants, controlled, operated, and managed the Subject Property.

24.  Defendants failed to act with reasonable care by:

a.  Failing to conduct reasonable inspections of the Subject Property;

b.  Failing to warn of the dangerous condition posed by the clip on the floor;

4

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

c.   Failing to remove the clip from the floor;

d.   Failing to act with reasonable care under the circumstances so as to protect the life, health, and safety of Plaintiff; and

e.   Otherwise failing to act with reasonable care under the circumstances involved in the subject incident.

25.    At all times herein mentioned, Defendants in the exercise of reasonable care and caution, knew or should have known that the above-described condition of e Subject Property was dangerous, defective, and/or created a substantial risk of the type of injury herein alleged when used with due care in a manner that was reasonably foreseeable. Defendants, through the use of reasonable care, should have discovered, remedied, and/or warned of the unreasonable risk of harm posed by the clip to customers, including Plaintiff.

26.    The negligence and carelessness of Defendants was the proximate cause of Plaintiff's injuries and damages.

27.    Each of these actions and/or inactions affirmatively contributed to and was a substantial factor in causing Plaintiff's physical injuries in an amount to be proven at the time of trial.

28.    Each of these actions and/or inactions affirmatively contributed to and was a substantial factor in causing Plaintiff to suffer general damages, pain, suffering, and/or emotional distress in an amount to be proven at the time of trial.

29.    Each of these actions and/or inactions affirmatively contributed to and was a substantial factor in causing Plaintiff to suffer economic loss including, but not limited to, loss of earnings, loss of earning potential, and/or out-of-pocket medical expenses in an amount to be proven at the time of trial.

## V.     PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant, as follows:

1.     For general damages in a sum in excess of the minimum jurisdiction of this Court;

2.     For special damages, including but not limited to past and future medical expenses, loss of earnings, loss of earning capacity, out-of-pocket medical expenses according to proof;

5

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

3.   For costs of suit and pre-judgment interest, according to proof; and

4.   For such other and further relief as the Court deems just and proper.

Dated:  January 14, 2021                    **ROBINS CLOUD LLP**

By: _____
Robert T. Bryson, Esq.
Bradley R. Fagnani, Esq.
Attorneys for Plaintiff
ROBIN BOUILLETTE

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues so triable.

Dated:  January 14, 2021                    **ROBINS CLOUD LLP**

By: _____
Robert T. Bryson
Bradley R. Fagnani
Attorneys for Plaintiff,
ROBIN BOUILLETTE

6

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

**EXHIBIT "B" Page 22 of 158**

21STCV01476
Electronically FILED by Superior Court of California, County of Los Angeles on 01/14/2021 08:00 AM Sherri R. Carter, Executive Officer/Clerk of Court, by M. Barel,Deputy Clerk

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Robert T. Bryson (1SBN 56953)/Bradley R. Fagnani (SBN 261330) 808 Wilshire Blvd, Suite 450, Santa Monica, CA 90401 TELEPHONE NO. (310) 929-4200   FAX NO. (310) 566-5900 ATTORNEY FOR *(Name)*: Plaintiff, Robin Brouillette | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF   Los Angeles
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS: Los Angles, CA 90012
CITY AND ZIP CODE: Stanley Mosk Courthouse
BRANCH NAME:

CASE NAME: Robin Brouillette v. Nike, Inc. et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 21STCV01476 |
|---|---|---|
| [x] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [x] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [ ] is [X] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a.[X] monetary   b.[ ] nonmonetary; declaratory or injunctive relief   c.[ ] punitive
4. Number of causes of action *(specify)*:
5. This case [ ] is [X] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date:
Bradley R. Fagnani
(TYPE OR PRINT NAME)                                     (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 www.courtinfo.ca.gov |

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary cause of action.** To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
   Damage/Wrongful Death
Uninsured Motorist (46) *(if the
   case involves an uninsured
   motorist claim subject to
   arbitration, check this item
   instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
   Asbestos Property Damage
   Asbestos Personal Injury/
      Wrongful Death
Product Liability *(not asbestos or
   toxic/environmental)* (24)
Medical Malpractice (45)
   Medical Malpractice–
      Physicians & Surgeons
   Other Professional Health Care
      Malpractice
Other PI/PD/WD (23)
   Premises Liability (e.g., slip
      and fall)
   Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
   Intentional Infliction of
      Emotional Distress
   Negligent Infliction of
      Emotional Distress
   Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
   Practice (07)
Civil Rights (e.g., discrimination,
   false arrest) *(not civil
   harassment)* (08)
Defamation (e.g., slander, libel)
   (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
   Legal Malpractice
   Other Professional Malpractice
      *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
   Breach of Rental/Lease
      Contract *(not unlawful detainer
         or wrongful eviction)*
   Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
   Negligent Breach of Contract/
      Warranty
   Other Breach of Contract/Warranty
Collections (e.g., money owed, open
   book accounts) (09)
   Collection Case–Seller Plaintiff
   Other Promissory Note/Collections
      Case
Insurance Coverage *(not provisionally
   complex)* (18)
   Auto Subrogation
   Other Coverage
Other Contract (37)
   Contractual Fraud
   Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
   Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
   Writ of Possession of Real Property
   Mortgage Foreclosure
   Quiet Title
   Other Real Property *(not eminent
      domain, landlord/tenant, or
      foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
   drugs, check this item; otherwise,
   report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
   Writ–Administrative Mandamus
   Writ–Mandamus on Limited Court
      Case Matter
   Writ–Other Limited Court Case
      Review
Other Judicial Review (39)
   Review of Health Officer Order
   Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
   *(arising from provisionally complex
   case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
   Abstract of Judgment (Out of
      County)
   Confession of Judgment *(non-
      domestic relations)*
   Sister State Judgment
   Administrative Agency Award
      *(not unpaid taxes)*
   Petition/Certification of Entry of
      Judgment on Unpaid Taxes
   Other Enforcement of Judgment
      Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
   above)* (42)
   Declaratory Relief Only
   Injunctive Relief Only *(non-
      harassment)*
   Mechanics Lien
   Other Commercial Complaint
      Case *(non-tort/non-complex)*
   Other Civil Complaint
      *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
   Governance (21)
Other Petition *(not specified
   above)* (43)
   Civil Harassment
   Workplace Violence
   Elder/Dependent Adult
      Abuse
   Election Contest
   Petition for Name Change
   Petition for Relief From Late
      Claim
   Other Civil Petition

| SHORT TITLE: ROBIN BROUILLETTE  v. NIKE, INC. et al | CASE NUMBER |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Court Filing Location (Column C) |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.

7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/ Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 1, 11 |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☑ A7250  Premises Liability (e.g., slip and fall) | 1, 4, <u>11</u> |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE: ROBIN BROUILLETTE  v. NIKE, INC. et al | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109  Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation      Number of parcels____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032  Quiet Title | 2, 6 |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 2 of 4

EXHIBIT "B" Page 26 of 158

| SHORT TITLE: ROBIN BROUILLETTE v. NIKE, INC. et al | CASE NUMBER |
|---|---|

| | Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐  A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐  A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐  A6151  Writ - Administrative Mandamus | 2, 8 |
| | | ☐  A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐  A6153  Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐  A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐  A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐  A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐  A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐  A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐  A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐  A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐  A6141  Sister State Judgment | 2, 5, 11 |
| | | ☐  A6160  Abstract of Judgment | 2, 6 |
| | | ☐  A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐  A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐  A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐  A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐  A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐  A6030  Declaratory Relief Only | 1, 2, 8 |
| | | ☐  A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐  A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐  A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐  A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐  A6121  Civil Harassment With Damages | 2, 3, 9 |
| | | ☐  A6123  Workplace Harassment With Damages | 2, 3, 9 |
| | | ☐  A6124  Elder/Dependent Adult Abuse Case With Damages | 2, 3, 9 |
| | | ☐  A6190  Election Contest | 2 |
| | | ☐  A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐  A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐  A6100  Other Civil Petition | 2, 9 |

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 3 of 4

**EXHIBIT "B" Page 27 of 158**

| SHORT TITLE: ROBIN BROUILLETTE v. NIKE, INC. et al | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON: | ADDRESS: |
|---|---|
| ☐ 1. ☐ 2. ☑ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11. | 189 The Grove Dr., Space Q-30 |

| CITY: | STATE: | ZIP CODE: |
|---|---|---|
| Los Angeles | CA | 90036 |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the ___Central___ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: 1/13/2021

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 4 of 4

**EXHIBIT "B" Page 28 of 158**

Electronically FILED by Superior Court of California, County of Los Angeles on 01/14/2021 10:31 AM Sherri R. Carter, Executive Officer/Clerk of Court, by J. Tang,Deputy Clerk

1  **ROBINS CLOUD LLP**
Robert T. Bryson (SBN 156953)
2  Bradley R. Fagnani (SBN 261330)
808 Wilshire Blvd., Suite 450
3  Santa Monica, California 90401
Telephone (310) 929-4200
4  Facsimile (310) 566-5900
rbryson@robinscloud.com
5  bfagnani@robinscloud.com

6
Attorneys for Plaintiff,
7  ROBIN BROUILLETTE

8                    **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9

10                              **COUNTY OF LOS ANGELES**

11
ROBIN BROUILLETTE, an individual;          CASE NO: 21STCV01476
12
             Plaintiff,
13                                          **PLAINTIFF'S NOTICE OF POSTING**
vs.                                         **JURY FEES**
14
NIKE, INC.; NIKE RETAIL SERVICES,          [UNLIMITED CIVIL ACTION]
15  INC.; NIKE USA, INC.; and DOES 1-50,
inclusive;
16
             Defendants.
17

18          COMES NOW Plaintiff ROBIN BROUILETTE, by and through the undersigned counsel, and

19  hereby deposits with the Los Angeles County Superior Court advance jury fees in the amount of

20  $150.00 pursuant to *California Code of Civil Procedure* § 631(b).

21

22

23  Dated: January 14, 2021                    **ROBINS CLOUD LLP**

24

25

                                            By: _____
26                                              Robert T. Bryson, Esq.
                                                Bradley R. Fagnani, Esq.
27                                              Attorneys for Plaintiff
                                                ROBIN BOUILLETTE
28

                                            1
                        **NOTICE OF POSTING JURY FEES**

| SUPERIOR COURT OF CALIFORNIA COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS: Spring Street Courthouse 312 North Spring Street, Los Angeles, CA 90012 | **FILED** Superior Court of California County of Los Angeles **01/14/2021** Sherri R. Carter, Executive Officer / Clerk of Court By: _____ M. Barel _____ Deputy |
| NOTICE OF CASE ASSIGNMENT UNLIMITED CIVIL CASE | |
| Your case is assigned for all purposes to the judicial officer indicated below. | CASE NUMBER: 21STCV01476 |

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|
| ✓ | Thomas D. Long | 31 | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on 01/14/2021
      (Date)

LACIV 190 (Rev 6/18)
LASC Approved 05/06

Sherri R. Carter, Executive Officer / Clerk of Court

By M. Barel _____ , Deputy Clerk

### NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

**EXHIBIT "B" Page 31 of 158**

**FILED**
Superior Court of California
County of Los Angeles

2020-SJ-002-00

**FEB 24 2020**

Sherri R. Carter, Executive Officer/Clerk

By_____, Deputy
Lorena Albino

### SUPERIOR COURT OF THE STATE OF CALIFORNIA

### FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| IN RE PERSONAL INJURY COURT ("PI COURT") PROCEDURES SPRING STREET COURTHOUSE (EFFECTIVE FEBRUARY 24, 2020) | ) CASE NO.: ) ) FIRST AMENDED STANDING ORDER ) RE: PERSONAL INJURY PROCEDURES ) AT THE SPRING STREET COURTHOUSE |

---

**ALL HEARINGS ARE SET IN THE DEPARTMENT AS REFLECTED IN THE NOTICE OF CASE ASSIGNMENT**

**FINAL STATUS CONFERENCE:**

DATE: _____ AT 10:00 A.M.

**TRIAL:**

DATE: _____ AT 8:30 A.M.

**OSC RE DISMISSAL**
**(CODE CIV. PROC., § 583.210):**

DATE: _____ AT 8:30 A.M.

---

TO EACH PARTY AND TO THE ATTORNEY OF RECORD FOR EACH PARTY:

Pursuant to the California Code of Civil Procedure ("C.C.P."), the California Rules of Court ("C.R.C.") and the Los Angeles County Court Rules ("Local Rules"), the Los Angeles Superior Court ("LASC" or "Court") HEREBY AMENDS AND SUPERSEDES THE SEPTEMBER 26, 2019 STANDING ORDER AND, GENERALLY ORDERS AS FOLLOWS IN THIS AND ALL OTHER GENERAL JURISDICTION PERSONAL INJURY ("PI") ACTIONS FILED IN THE CENTRAL DISTRICT.

///

First Amended Standing Order Re Personal Injury Procedures, Spring Street Courthouse

**EXHIBIT "B" Page 32 of 158**

2020-SJ-002-00

1.      To ensure proper assignment to a PI Court, plaintiff(s) must carefully fill out the Civil Case Cover Sheet Addendum (form LACIV 109). The Court defines "personal injury" as: "an unlimited civil case described on the Civil Case Cover Sheet Addendum and Statement of Location (LACIV 109) as Motor Vehicle-Personal Injury/Property Damage/Wrongful Death; Personal Injury/Property Damage/Wrongful Death-Uninsured Motorist; Product Liability (other than asbestos or toxic/environmental); Medical Malpractice-Physicians & Surgeons; Other Professional Health Care Malpractice; Premises Liability; Intentional Bodily Injury/Property Damage/Wrongful Death; or Other Personal Injury/Property Damage/Wrongful Death. An action for intentional infliction of emotional distress, defamation, civil rights/discrimination, or malpractice (other than medical malpractice), is not included in this definition. An action for injury to real property is not included in this definition" (Local Rule 2.3(a)(1) (A)).

      Consistent with Local Rule 2.3(a)(1)(A), the Court will assign a case to the PI Courts if plaintiff(s) checks any of the following boxes in the Civil Case Cover Sheet Addendum:

☐ A7100 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death
☐ A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist
☐ A7260 Product Liability (not asbestos or toxic/environmental)
☐ A7210 Medical Malpractice – Physicians & Surgeons
☐ A7240 Medical Malpractice – Other Professional Health Care Malpractice
☐ A7250 Premises Liability (e.g., slip and fall)
☐ A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism etc.)
☐ A7220 Other Personal Injury/Property Damage/Wrongful Death

      The Court will not assign cases to the PI Courts if plaintiff(s) checks any boxes elsewhere in the Civil Case Cover Sheet Addendum (any boxes on pages two and three of that form).

      The Court sets the above dates in this action in the PI Court as reflected in the Notice of Case Assignment at the Spring Street Courthouse, 312 North Spring Street, Los Angeles, CA

Page 2 of 7

First Amended Standing Order Re Personal Injury Procedures, Spring Street Courthouse

2020-SJ-002-00

1  90012 (C.R.C. Rules 3.714(b)(3), 3.729).

2  **FILING OF DOCUMENTS**

3  2.      With the exception of self-represented litigants or parties or attorneys that have obtained
4  an exemption from mandatory electronic filing, parties must electronically file documents.
5  Filings are no longer accepted via facsimile. The requirements for electronic filing are detailed
6  in the Court's operative General Order Re Mandatory Electronic Filing for Civil, available online
7  at www.lacourt.org (link on homepage).

8  **SERVICE OF SUMMONS AND COMPLAINT**

9  3.      Plaintiff(s) shall serve the summons and complaint in this action upon defendant(s) as
10  soon as possible but no later than three years from the date when the complaint is filed
11  (C.C.P. § 583.210, subd. (a)).  On the OSC re Dismissal date noted above, the PI Court will
12  dismiss the action and/or all unserved parties unless the plaintiff(s) shows cause why the action
13  or the unserved parties should not be dismissed (C.C.P. §§ 583.250; 581, subd. (b)(4)).

14  4.      The Court sets the above trial and final status conference ("FSC") dates on the condition
15  that plaintiff(s) effectuate service on defendant(s) of the summons and complaint within six
16  months of filing the complaint.

17  5.      The PI Court will dismiss the case without prejudice pursuant to Code of Civil Procedure
18  § 581 when no party appears for trial.

19  **STIPULATIONS TO CONTINUE TRIAL**

20  6.      Provided that all parties agree (and there is no violation of the "five-year rule" (C.C.P.
21  § 583.310)), the parties may advance or continue any trial date in the PI Courts without showing
22  good cause or articulating any reason or justification for the change.  To continue or advance a
23  trial date, the parties (or their counsel of record) should jointly execute and submit a Stipulation
24  to Continue Trial, FSC and Related Motion/Discovery Dates (form LACIV CTRL-242, available
25  on the court's website, Personal Injury Court link). The PI Courts schedule FSCs at 10:00 a.m.,
26  eight court days before the trial date.  Parties seeking to continue the trial and FSC dates shall
27  file the stipulation at least eight court days before the FSC date.   Parties seeking to advance the
28  trial and FSC dates shall file the stipulation at least eight court days before the proposed advanced

First Amended Standing Order Re Personal Injury Procedures, Spring Street Courthouse

**EXHIBIT "B" Page 34 of 158**

2020-SJ-002-00

1   FSC date (C.C.P. § 595.2;  Govt. Code § 70617, subd. (c)(2)). In selecting a new trial date,

2   parties should avoid setting on any Monday, or the Tuesday following a court holiday.  Parties

3   may submit a maximum of two stipulations to continue trial, for a total continuance of six

4   months. Subsequent requests to continue trial will be granted upon a showing of good cause by

5   noticed motion.  This rule is retroactive so that any previously granted stipulation to continue

6   trial will count toward the maximum number of allowed continuances.

7   **NO CASE MANAGEMENT CONFERENCES**

8   7.      The PI Courts do not conduct case management conferences.  The parties need not file a

9   Case Management Statement.

10  **LAW AND MOTION**

11  8.      Any and all electronically-filed documents must be text searchable and bookmarked.

12  (*See* operative General Order re Mandatory Electronic Filing in Civil).

13  **COURTESY COPIES REQUIRED**

14  9.      Pursuant to the operative General Order re Mandatory Electronic Filing, courtesy

15  copies of certain documents must be submitted directly to the PI Court courtrooms at the

16  Spring Street Courthouse.  The PI Courts also strongly encourage the parties filing and

17  opposing lengthy motions, such as motions for summary judgment/adjudication, to submit one

18  or more three-ring binders organizing the courtesy copy behind tabs.  Any courtesy copies of

19  documents with declarations and/or exhibits must be tabbed (C.R.C. Rule 3.1110(f)).  All

20  deposition excerpts referenced in briefs must be marked on the transcripts attached as exhibits

21  (C.R.C. Rule 3.1116(c)).

22  **RESERVATION HEARING DATE**

23  10.     Parties must reserve hearing dates for motions in the PI Courts using the Court

24  Reservation System (CRS) available online at *www.lacourt.org* (link on homepage).  After

25  reserving a motion hearing date, the reservation requestor must submit the papers for filing with

26  the reservation receipt number printed on the face page of the document under the caption and

27  attach the reservation receipt as the last page.  Parties or counsel who are unable to utilize the

28  online CRS may reserve a motion hearing date by calling the PI courtroom, Monday through

Page 4 of 7

First Amended Standing Order Re Personal Injury Procedures, Spring Street Courthouse

2020-SJ-002-00

1   Friday, between 3:00 p.m. and 4:00 p.m.

2   **WITHDRAWAL OF MOTIONS**

3   11.     California Rules of Court, Rule 3.1304(b) requires a moving party to notify the court

4   immediately if a matter will not be heard on the scheduled date.  In keeping with that rule, the

5   PI Courts require parties to comply with Code of Civil Procedure section 472(a) with regard to

6   the amending of pleadings related to demurrers or motions to strike so that the PI Courts do not

7   needlessly prepare tentative rulings for these matters.

8   **DISCOVERY MOTIONS**

9   12.     The purpose of an Informal Discovery Conference ("IDC") is to assist the parties to

10  resolve and/or narrow the scope of discovery disputes.  Lead trial counsel on each side, or another

11  attorney with full authority to make binding agreements, must attend in person.  The PI judges

12  have found that, in nearly every case, the parties amicably resolve disputes with the assistance

13  of the Court.

14  13.     Parties **must** participate in an IDC **before** a Motion to Compel Further Responses to

15  Discovery will be heard unless the moving party submits evidence, by way of declaration, that

16  the opposing party has failed or refused to participate in an IDC.  Scheduling or participating in

17  an IDC does not automatically extend any deadlines imposed by the Code of Civil Procedure for

18  noticing and filing discovery motions.  Ideally, the parties should participate in an IDC before a

19  motion is filed because the IDC may avoid the necessity of a motion or reduce its scope.  Because

20  of that possibility, attorneys are encouraged to stipulate to extend the 45 (or 60) day deadline for

21  filing a motion to compel further discovery responses in order to allow time to participate in an

22  IDC.

23          If parties do not stipulate to extend the deadlines, the moving party may file the motion

24  to avoid it being deemed untimely.   However, the IDC must take place before the motion is

25  heard so it is suggested that the moving party reserve a date for the motion hearing that is at least

26  60 days after the date when the IDC reservation is made.  Motions to Compel Further Discovery

27  Responses are heard at 10:00 a.m.  If the IDC is not productive, the moving party may advance

28  the hearing on a Motion to Compel Further Discovery Responses on any available hearing date

Page 5 of 7

EXHIBIT "B" Page 36 of 158

2020-SJ-002-00

that complies with the notice requirements of the Code of Civil Procedure.

14.     Parties must reserve IDC dates in the PI Courts using CRS, which is available online at www.lacourt.org (link on homepage). Parties must meet and confer regarding the available dates in CRS prior to accessing the system. After reserving the IDC date, the reservation requestor must file and serve an Informal Discovery Conference Form for Personal Injury Courts (form LACIV 239) at least 15 court days prior to the conference and attach the CRS reservation receipt as the last page. The opposing party may file and serve a responsive IDC form, briefly setting forth that party's response, at least ten court days prior to the IDC.

15.     Time permitting, the PI Hub judges may be available to participate in IDCs to try to resolve other types of discovery disputes.

**EX PARTE APPLICATIONS**

16.     Under the California Rules of Court, courts may only grant *ex parte* relief upon a showing, by admissible evidence, that the moving party will suffer "irreparable harm," "immediate danger," or where the moving party identifies "a statutory basis for granting relief ex parte" (C.R.C. Rule 3.1202(c)). The PI Courts have no capacity to hear multiple *ex parte* applications or to shorten time to add hearings to their fully booked motion calendars. The PI Courts do not regard the Court's unavailability for timely motion hearings as an "immediate danger" or threat of "irreparable harm" justifying *ex parte* relief. Instead of seeking *ex parte* relief, the moving party should reserve the earliest available motion hearing date (even if it is after the scheduled trial date) and file a motion to continue trial. Parties should also check CRS from time to time because earlier hearing dates may become available as cases settle or hearings are taken off calendar.

**REQUEST FOR TRANSFER TO INDEPENDENT CALENDAR DEPARTMENT**

17.     Parties seeking to transfer a case from a PI Court to an Independent Calendar ("IC") Court shall file and serve the Court's "Motion/Opposition/Stipulation to Transfer Complicated Personal Injury Case to Independent Calendar Court" (form LACIV 238, available on the Court's website under the PI Courts link). The PI Courts will transfer a matter to an IC Court if the case is not a "Personal Injury" case as defined in this Order, or if it is "complicated." In determining

First Amended Standing Order Re Personal Injury Procedures, Spring Street Courthouse

2020-SJ-002-00

1  whether a personal injury case is "complicated" the PI Courts will consider, among other things,

2  the number of pretrial hearings or the complexity of issues presented.

3  18.    Parties opposing a motion to transfer have five court days to file an Opposition (using

4  the same LACIV 238 Motion to Transfer form).

5  19.    The PI Courts will not conduct a hearing on any Motion to Transfer to IC Court. Although

6  the parties may stipulate to transfer a case to an Independent Calendar Department, the PI Courts

7  will make an independent determination whether to transfer the case or not.

8  **FINAL STATUS CONFERENCE**

9  20.    Parties shall comply with the requirements of the PI Courts' operative Standing Order

10  Re Final Status Conference, which shall be served with the summons and complaint.

11  **JURY FEES**

12  21.    Parties must pay jury fees no later than 365 calendar days after the filing of the initial

13  complaint (C. C. P. § 631, subd. (c)(2)).

14  **JURY TRIALS**

15  22.    The PI Courts do not conduct jury trials.  On the trial date, a PI Court will contact the

16  Master Calendar Court, Department One, in the Stanley Mosk Courthouse.  Department One

17  will assign cases for trial to dedicated Civil Trial Courtrooms and designated Criminal

18  Courtrooms.

19  **SANCTIONS**

20  23.    The Court has discretion to impose sanctions for any violation of this general order

21  (C.C.P. §§ 128.7, 187 and Gov. Code, § 68608, subd. (b)).

24  Dated:  Feb. 24, 2020

SAMANTHA P. JESSNER
Supervising Judge of Civil Courts

Page 7 of 7

First Amended Standing Order Re Personal Injury Procedures, Spring Street Courthouse

**EXHIBIT "B" Page 38 of 158**

**FILED**
Superior Court of California
County of Los Angeles

**FEB 24 2020**

Sherri R. Carter, Executive Officer/Clerk
By_____ Deputy
Carbria Abino

2020-SJ-004-00

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

# FOR THE COUNTY OF LOS ANGELES – CENTRAL DISTRICT

| | |
|---|---|
| IN RE PERSONAL INJURY CASES ASSIGNED TO THE PERSONAL INJURY COURTS AT THE SPRING STREET COURTHOUSE | THIRD AMENDED STANDING ORDER RE: FINAL STATUS CONFERENCE, PERSONAL INJURY ("PI") COURTS (Effective January 13, 2020) |

The dates for Trial and the Final Status Conference ("FSC") having been set in this matter, the **COURT HEREBY AMENDS AND SUPERSEDES ITS** August 9, 2019 **STANDING ORDER RE: FINAL STATUS CONFERENCE, PERSONAL INJURY ("PI") COURTS AND, GENERALLY ORDERS AS FOLLOWS IN THIS AND ALL OTHER GENERAL JURISDICTION PERSONAL INJURY ACTIONS:**

1.    **PURPOSE OF THE FSC**

The purpose of the FSC is to verify that the parties/counsel are completely ready to proceed with trial continuously and efficiently, from day to day, until verdict. The PI Courts will verify at the FSC that all parties/counsel have (1) prepared the Exhibit binders and Trial Document binders and (2) met and conferred in an effort to stipulate to ultimate facts, legal issues, motions in limine, and the authentication and admissibility of exhibits.

///

///

///

THIRD AMENDED ORDER RE FINAL STATUS CONFERENCE, PERSONAL INJURY COURTS
(Effective January 13, 2020)

**EXHIBIT "B" Page 39 of 158**

2. **TRIAL DOCUMENTS TO BE FILED**

At least five calendar days prior to the Final Status Conference, the parties/counsel shall serve and file the following Trial Readiness Documents:

A. **TRIAL BRIEFS (OPTIONAL)**

Each party/counsel may, but is not required to, file a trial brief succinctly identifying:

(1) the claims and defenses subject to litigation;

(2) the major legal issues (with supporting points and authorities);

(3) the relief claimed and calculation of damages sought; and

(4) any other information that may assist the court at trial.

B. **MOTIONS IN LIMINE**

Before filing motions in limine, the parties/counsel shall comply with the statutory notice provisions of Code of Civil Procedure ("C.C.P.") Section 1005 and the requirements of Los Angeles County Court Rule ("Local Rule") 3.57(a). The caption of each motion in limine shall concisely identify the evidence that the moving party seeks to preclude. Parties filing more than one motion in limine shall number them consecutively. Parties filing opposition and reply papers shall identify the corresponding motion number in the caption of their papers.

C. **JOINT STATEMENT TO BE READ TO THE JURY**

For jury trials, the parties/counsel shall work together to prepare and file a joint written statement of the case for the court to read to the jury (Local Rule 3.25(g)(4)).

D. **JOINT WITNESS LIST**

The parties/counsel shall work together to prepare and file a joint list of all witnesses that each party intends to call, excluding impeachment and rebuttal witnesses (Local Rule 3.25(g)(5)). The joint witness list shall identify each witness by name, specify which witnesses are experts, estimate the length of the direct, cross examination and re-direct examination (if any) of each, and include a total of the number of hours for all witness testimony. The parties/counsel shall identify all potential witness scheduling issues and special requirements. Any party/counsel who seeks to elicit testimony from a witness not identified on the witness list must first make a showing of good cause to the trial court.

THIRD AMENDED ORDER RE FINAL STATUS CONFERENCE, PERSONAL INJURY COURTS
(Effective January 13, 2020)

**E.   LIST OF PROPOSED JURY INSTRUCTIONS**
**(JOINT AND CONTESTED)**

The parties/counsel shall jointly prepare and file a list of proposed jury instructions, organized in numerical order, specifying the instructions upon which all sides agree and the contested instructions, if any.  The List of Proposed Jury Instructions must include a space by each instruction for the judge to indicate whether the instruction was given.

**F.   JURY INSTRUCTIONS**
**(JOINT AND CONTESTED)**

The parties/counsel shall prepare a complete set of full-text proposed jury instructions, editing all proposed California Civil Jury Instructions and insert party name(s) and eliminate blanks, brackets, and irrelevant material.  The parties/counsel shall prepare special instructions in a format ready for submission to the jury with the instruction number, title, and text only (i.e., there should be no boxes or other indication on the printed instruction itself as to the requesting party).

**G.   JOINT VERDICT FORM(S)**

The parties/counsel shall prepare and jointly file a proposed general verdict form or special verdict form (with interrogatories) acceptable to all sides (Local Rule 3.25(g)(8)).  If the parties/counsel cannot agree on a joint verdict form, each party must separately file a proposed verdict form.

**H.   JOINT EXHIBIT LIST**

The parties/counsel shall prepare and file a joint exhibit list organized with columns identifying each exhibit and specifying each party's evidentiary objections, if any, to admission of each exhibit.  The parties/counsel shall meet and confer in an effort to resolve objections to the admissibility of each exhibit.

**I.   PAGE AND LINE DESIGNATION FOR**
**DEPOSITION AND FORMER TESTIMONY**

If the parties/counsel intend to use deposition testimony or former trial testimony in lieu of any witness's live testimony, the parties/counsel shall meet and confer and jointly prepare and file a chart with columns for each of the following:  1) the page and line designations of the deposition or

1   former testimony requested for use, 2) objections, 3) counter-designations, 4) any responses thereto,

2   and 5) the Court's ruling.

3   **3.      EVIDENTIARY EXHIBITS**

4          The parties/counsel shall jointly prepare (and be ready to temporarily lodge for inspection at

5   the FSC) three sets of tabbed, internally paginated by document, and properly-marked exhibits,

6   organized numerically in three-ring binders (a set for the Court, the Judicial Assistant and the

7   witnesses).  The parties/counsel shall mark all non-documentary exhibits and insert a simple written

8   description of the exhibit behind the corresponding numerical tab in the exhibit binder.  If the parties

9   have a joint signed exhibit list and electronic copies of their respective exhibits, then the

10   parties/counsel will not be required to produce exhibit binders at the FSC.  However, the exhibit

11   binders will be required by the assigned trial judge when the trial commences.  In the absence of

12   either a joint signed exhibit list or electronic copies, exhibit binders will be required to be produced

13   by all parties/counsel at the FSC.

14   **4.      TRIAL BINDERS REQUIRED IN THE PI COURTS**

15          The parties/counsel shall jointly prepare (and be ready to temporarily lodge and include the

16   following for inspection at the FSC) the Trial Documents consisting of conformed copies (if

17   available), tabbed and organized into three-ring binders with a table of contents that includes the

18   following:

19          Tab A:        Trial Briefs (Optional)

20          Tab B:        Motions in Limine

21          Tab C:        Joint Statement to Be Read to the Jury

22          Tab D:        Joint Witness List

23          Tab E:        Joint List of Jury Instructions (identifying the agreed upon and contested

24                         instructions)

25          Tab F:        Joint and Contested Jury Instructions

26          Tab G:        Joint and/or Contested Verdict Form(s)

27          Tab H:        Joint Exhibit List

28

THIRD AMENDED ORDER RE FINAL STATUS CONFERENCE, PERSONAL INJURY COURTS
(Effective January 13, 2020)

Tab I:      Joint Chart of Page and Line Designation(s) for Deposition and
            Former Testimony

Tab J:      Copies of the Current Operative Pleadings (including the operative complaint,
            answer, cross-complaint, if any, and answer to any cross-complaint).

The parties/counsel shall organize motions in limine (tabbed in numerical order) behind Tab B with the opposition papers and reply papers for each motion placed directly behind the moving papers.  The parties shall organize proposed jury instructions behind Tab F, with the agreed upon instructions first in order followed by the contested instructions (including special instructions) submitted by each side.

**5.      FAILURE TO COMPLY WITH FSC OBLIGATIONS**

The court has discretion to require any party/counsel who fails or refuses to comply with this Amended Standing Order to Show Cause why the Court should not impose monetary, evidentiary and/or issue sanctions (including the entry of a default or the striking of an answer).

Dated:  Feb. 24, 2020

SAMANTHA P. JESSNER
Supervising Judge of Civil Courts

THIRD AMENDED ORDER RE FINAL STATUS CONFERENCE, PERSONAL INJURY COURTS
(Effective January 13, 2020)

2020-SJ-003-00

**FILED**
Superior Court of California
County of Los Angeles

FEB 24 2020

Sherri R. Carter, Executive Officer/Clerk

By_____ Deputy
Colette Azano

1
2
3
4
5      **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
6          **FOR THE COUNTY OF LOS ANGELES**
7
8    IN RE PERSONAL INJURY CASES          ) FIFTH AMENDED STANDING ORDER
     ASSIGNED TO PERSONAL INJURY          ) RE: MANDATORY SETTLEMENT
9    COURTROOMS AT THE SPRING             ) CONFERENCE
     STREET COURTHOUSE                    ) (Effective February 24, 2020)
10   _____       )
11
12   TO EACH PARTY AND TO THE ATTORNEY OF RECORD FOR EACH PARTY:
13          Pursuant to California Code of Civil Procedure, the California Rules of Court and
14   the Los Angeles Court Rules, the Los Angeles Superior Court ("Court") HEREBY
15   AMENDS AND SUPERSEDES THE September 26, 2019 FOURTH AMENDED
16   STANDING ORDER, AND THE COURT HEREBY ISSUES THE FOLLOWING FIFTH
17   AMENDED STANDING ORDER:
18          The Court orders the parties to participate in a Mandatory Settlement Conference
19   ("MSC") supervised by a Personal Injury Court Judge and staffed by volunteer settlement
20   attorneys from the American Board of Trial Advocates, the Association of Southern California
21   Defense Counsel, and the Consumer Attorneys Association of Los Angeles.
22          1.  Plaintiff's counsel shall, within two (2) court days of the Court's order of an MSC,
23              access the Consumer Attorneys Association of Los Angeles ("CAALA") website, at
24              www.caala.org, and under "The LASC COURT CONNECTION" click on "LA
25              Superior Court PI MSC (Parties)," to register and schedule a mutually agreed upon
26              time for the MSC prior to the trial date.
27          2.  A mandatory settlement conference statement shall be served on all parties not less
28              than five (5) court days before the scheduled MSC.  Parties' counsel shall serve

1

FIFTH AMENDED STANDING ORDER – MANDATORY SETTLEMENT CONFERENCE

2020-SJ-003-00

opposing counsel, CAALA at stuart@caala.org, and the Court by email.  Email addresses for the PI courtrooms can be found on the Court's website at www.lacourt.org, under "*Division*" go to "*Civil*", then go to "*General Jurisdiction PI Court*" then click on "*PI Courtroom Email Addresses*".  CAALA will forward the mandatory settlement conference statements to the settlement attorneys.

3.  Pursuant to California Rules of Court, Rule 3.1380(b) and Los Angeles Superior Court Rule 3.25(d), trial counsel, the parties and persons, including insurance company representatives with full settlement authority, must attend in person unless the settlement judge excuses personal appearance for good cause.

4.  If the case settles prior to the scheduled MSC, Plaintiff's counsel shall notify the specific Courtroom, forthwith, of such settlement by email and also CAALA by email to stuart@caala.org.

5.  Parties and counsel are ordered to appear in in the assigned Personal Injury Courtroom at the scheduled time and date of the MSC as selected by the parties' counsel.

6.  The Court has the discretion to require any party and/or counsel who fails or refuses to comply with this order to show cause why the Court should not impose monetary sanctions.

Dated:  Feb. 24, 2020

SAMANTHA P. JESSNER
Supervising Judge of Civil Courts

2

FIFTH AMENDED STANDING ORDER – MANDATORY SETTLEMENT CONFERENCE

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

LACIV 230 (NEW)
LASC Approved 4-11
For Optional Use

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.: | FAX NO. (Optional): | |
| E-MAIL ADDRESS (Optional): | | |
| ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – EARLY ORGANIZATIONAL MEETING** | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following:*

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

LACIV 229 (Rev 02/15)
LASC Approved 04/11
For Optional Use

**STIPULATION – EARLY ORGANIZATIONAL MEETING**

Page 1 of 2

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h. Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i. Whether the case is suitable for the Expedited Jury Trial procedures (see information at **www.lacourt.org** under "*Civil*" and then under "*General Information*").

2. The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at **www.lacourt.org** under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

    <sub>(INSERT DATE)</sub>       <sub>(INSERT DATE)</sub>

3. The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____          ➤  _____
(TYPE OR PRINT NAME)                            (ATTORNEY FOR PLAINTIFF)

Date:

_____          ➤  _____
(TYPE OR PRINT NAME)                            (ATTORNEY FOR DEFENDANT)

Date:

_____          ➤  _____
(TYPE OR PRINT NAME)                            (ATTORNEY FOR DEFENDANT)

Date:

_____          ➤  _____
(TYPE OR PRINT NAME)                            (ATTORNEY FOR DEFENDANT)

Date:

_____          ➤  _____
(TYPE OR PRINT NAME)                            (ATTORNEY FOR _____)

Date:

_____          ➤  _____
(TYPE OR PRINT NAME)                            (ATTORNEY FOR _____)

Date:

_____          ➤  _____
(TYPE OR PRINT NAME)                            (ATTORNEY FOR _____)

LACIV 229 (Rev 02/15)          **STIPULATION – EARLY ORGANIZATIONAL MEETING**          Page 2 of 2
LASC Approved 04/11

**EXHIBIT "B" Page 48 of 158**

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER |
|---|---|

This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

    a. The party requesting the Informal Discovery Conference will:

        i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

        ii. Include a brief summary of the dispute and specify the relief requested; and

        iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

    b. Any Answer to a Request for Informal Discovery Conference must:

        i. Also be filed on the approved form (copy attached);

        ii. Include a brief summary of why the requested relief should be denied;

LACIV 036 (new)
LASC Approved 04/11
For Optional Use

**STIPULATION – DISCOVERY RESOLUTION**

Page 1 of 3

| SHORT TITLE: | CASE NUMBER |
|---|---|
| | |

     iii.   Be filed within two (2) court days of receipt of the Request; and

     iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied.  If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR _____)

➤ _____
(ATTORNEY FOR _____)

➤ _____
(ATTORNEY FOR _____)

LACIV 036 (new)
LASC Approved 04/11
For Optional Use

**STIPULATION – DISCOVERY RESOLUTION**

Page 3 of 3

**EXHIBIT "B" Page 51 of 158**

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                    FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

### SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| INFORMAL DISCOVERY CONFERENCE<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:

   ☐  Request for Informal Discovery Conference
   ☐  Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, <u>briefly</u> describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, <u>briefly</u> describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>

LACIV 094 (new)<br>
LASC Approved 04/11<br>
For Optional Use

**INFORMAL DISCOVERY CONFERENCE**<br>
(pursuant to the Discovery Resolution Stipulation of the parties)

EXHIBIT "B" Page 52 of 158

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:   FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION AND ORDER – MOTIONS IN LIMINE** | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

**The following parties stipulate:**

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR _____)

➤ _____
(ATTORNEY FOR _____)

➤ _____
(ATTORNEY FOR _____)

**THE COURT SO ORDERS.**

Date:   _____

_____
JUDICIAL OFFICER

EXHIBIT "B" Page 54 of 158



# Superior Court of California, County of Los Angeles

## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

## What is ADR?
ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

## Advantages of ADR
- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties): Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

## Disadvantages of ADR
- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR and litigation and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

## Main Types of ADR:
1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   **Mediation may not be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

EXHIBIT "B" Page 55 of 158

The boxed region at top is a heavily degraded scan containing text about "How to arrange mediation in Los Angeles County" including references to the Civil Mediation Vendor Resource List, ADR Services Inc., JAMS Inc., Mediation Center of Los Angeles (MCLA), and Los Angeles County Dispute Resolution Programs. Most of it is illegible due to scan quality.

3. **Arbitration:** Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit **http://www.courts.ca.gov/programs-adr.htm**

4. **Mandatory Settlement Conferences (MSC):** MSCs are ordered by the Court and are often held close to the trial date or on the day of trial. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit **http://www.lacourt.org/division/civil/CI0047.aspx**

**Los Angeles Superior Court ADR website: http://www.lacourt.org/division/civil/CI0109.aspx**
**For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm**

LASC CIV 271 Rev. 01/20
For Mandatory Use

2

**EXHIBIT "B" Page 56 of 158**

FEB 0 4 2021



**Computershare Governance Services, Inc.**
100 Beard Sawmill Road, Shelton, CT 06484

02/05/2021

NIKE Retail Services, Inc.
Carolyn Gutsick
NIKE, Inc.
One Bowerman Drive, Air Ace
Beaverton OR 97005

# SERVICE OF PROCESS NOTICE

Item: 2021-103

The following is a courtesy summary of the enclosed document(s).  **ALL information should be verified by you.**

Note: Any questions regarding the substance of the matter described below, including the status or how to respond, should be directed to the contact set forth in line 12 below or to the court or government agency where the matter is being heard.

| 1. | Entity Served: | NIKE Retail Services, Inc. |
|---|---|---|
| 2. | Title of Action: | Robin Brouillette vs. Nike, Inc., et al. |
| 3. | Document(s) Served: | Summons<br>Complaint for Damages and Demand for Jury Trial<br>Civil Case Cover Sheet<br>Civil Case Cover Sheet Addendum and Statement of Location |
| 4. | Court/Agency: | Los Angeles County Superior Court |
| 5. | State Served: | California |
| 6. | Case Number: | 21STCV01476 |
| 7. | Case Type: | Negligence/Personal Injury |
| 8. | Method of Service: | Hand Delivered |
| 9. | Date Received: | Thursday 02/04/2021 |
| 10. | Date to Client: | Friday 02/05/2021 |
| 11. | # Days When Answer Due:<br>Answer Due Date: | 30<br>Saturday 03/06/2021 | CAUTION: Client is solely responsible for verifying the accuracy of the estimated Answer Due Date. To avoid missing a crucial deadline, we recommend immediately confirming in writing with opposing counsel that the date of the service in their records matches the Date Received. |
| 12. | Sop Sender:<br>(Name, City, State, and Phone Number) | Robert T. Bryson<br>Santa Monica, CA<br>310-929-4200 |
| 13. | Shipped To Client By: | Email Only with PDF Link |
| 14. | Tracking Number: | |
| 15. | Handled By: | 051 |
| 16. | Notes: | Also Attached:<br>* Statement of Damages<br>* Plaintiff's Notice of Posting Jury Fees, etc. |

NOTE: This notice and the information above is provided for general informational purposes only and should not be considered a legal opinion. The client and their legal counsel are solely responsible for reviewing the service of process and verifying the accuracy of all information. At ComputerShare, we take pride in developing systems that effectively manage risk so our clients feel comfortable with the reliability of our service. We always deliver service of process so our clients avoid the risk of a default judgment. As registered agent, our role is to receive and forward service of process.  To decrease risk for our clients, it is not our role to determine the merits of whether service of process is valid and effective.  It is the role of legal counsel to assess whether service of process is invalid or defective. Registered agent services are provided by United Agent Group Inc.

Phone: 866 820 7754, Option 2 | www.cgsregisteredagent.com

**EXHIBIT "B" Page 58 of 158**

21STCV01476

Electronically FILED by Superior Court of California, County of Los Angeles on 01/14/2021 10:31 AM Sherri R. Carter, Executive Officer/Clerk of Court, by J. Tang,Deputy Clerk

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:** NIKE, INC.; NIKE RETAIL SERVICES,
*(AVISO AL DEMANDADO):* INC.; NIKE USA, INC.; and DOES 1-50,
inclusive;

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
   ROBIN BROUILLETTE, an individual;

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.
   You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
   There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
   *¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*
   *Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*
   *Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* **Stanley Mosk Courthouse**<br><br>   **111 N. Hill Street, Los Angeles, CA 90012** | CASE NUMBER: *(Número del Caso):*<br>**21STCV01476** |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
**Robert Bryson/Bradley Fagnani - Robins Cloud LLP - 808 Wilshire Blvd, Ste 450, Santa Monica, CA 90401 - (310) 929-4200**

| DATE:<br>*(Fecha)* 01/14/2021 | Sherri R. Carter Executive Officer / Clerk of Court<br>*(Secretario)* J. Tang | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*

| [SEAL] | **NOTICE TO THE PERSON SERVED:** You are served |
|---|---|

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* NIKE RETAIL SERVICES, INC.,
   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☒ by personal delivery on *(date)*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courts.ca.gov |
|---|---|---|

21STCV01476

Assigned for all purposes to: Spring Street Courthouse, Judicial Officer: Thomas Long

Electronically FILED by Superior Court of California, County of Los Angeles on 01/14/2021 08:00 AM Sherri R. Carter, Executive Officer/Clerk of Court, by M. Barel,Deputy Clerk

1  **ROBINS CLOUD LLP**
   Robert T. Bryson (SBN 156953)
2  Bradley R. Fagnani (SBN 261330)
   808 Wilshire Blvd., Suite 450
3  Santa Monica, California 90401
   Telephone (310) 929-4200
4  Facsimile (310) 566-5900
   rbryson@robinscloud.com
5  bfagnani@robinscloud.com

6
   Attorneys for Plaintiff,
7  ROBIN BROUILLETTE

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
9
10                        **COUNTY OF LOS ANGELES**

11
   ROBIN BROUILLETTE, an individual;          CASE NO: 21STCV01476
12
              Plaintiff,                       **COMPLAINT FOR DAMAGES FOR:**
13
   vs.                                           (1) Negligence
14                                                (2) Premises Liability
   NIKE, INC.;  NIKE RETAIL SERVICES,
15 INC.; NIKE USA, INC.; and DOES 1-50,        **DEMAND FOR JURY TRIAL**
   inclusive;
16                                             [UNLIMITED CIVIL ACTION]
              Defendants.
17

18

19      Plaintiff, ROBIN BROUILLETTE ("BROUILLETTE" or "Plaintiff"), by and through the

20 undersigned counsel, hereby brings this Complaint for Damages against Defendants NIKE, INC.,

21 NIKE RETAIL SERVICES, INC., NIKE USA, INC., and DOES 1-50, inclusive ("NIKE" or

22 "Defendants").

23              I.      **PARTIES, VENUE AND JURISDICTION**

24      1.      At all times herein mentioned, Plaintiff was and is a resident of the County of Los

25 Angeles, State of California.

26      2.      Plaintiff is informed and believes and thereon alleges that at all time relevant hereto,

27 Defendant NIKE, is an Oregon corporation doing business, including but not limited to the operation

28 of a retail store, in the County of Los Angeles, State of California.

                                          1
              **COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

1        3.      NIKE is headquartered at One Bowerman Drive, Beaverton, Oregon, 97005 and can be

2  served via its agent for service of process, United Agent Group, Inc., 4640 Admiralty Way, 5th Floor,

3  Marina Del Rey, California, 90292.

4        4.      Plaintiff does not know the true names and identities of those Defendants designated as

5  DOES 1 through 50, inclusive, but allege that each of the said fictitiously named Defendants was

6  intentionally, negligently, and unlawfully responsible for the events herein described, and for the

7  injuries and damages sustained by Plaintiff. Plaintiff is informed and believes, and thereon alleges that

8  at all times herein mentioned, DOES 1-50 perpetrated some or all of the wrongful acts alleged herein

9  and at least one of such fictitiously named DOE Defendants is a resident of the State of California.

10  Therefore, each is responsible in some manner for the allegations set forth herein, and is jointly and

11  severally liable to Plaintiff. Plaintiff will seek leave of court to amend this Complaint to state the true

12  name and capacities of such fictitiously named Doe Defendants when ascertained.

13        5.      The combined acts and/or omissions of each Defendant resulted in indivisible injuries to

14  Plaintiff. Each of the above-named Defendants is a joint tortfeasor and/or agent of one another and is

15  jointly and severally liable to Plaintiff for the negligent and/or intentional acts and omissions alleged

16  herein. Each of the above-named Defendants directed, authorized or ratified the conduct of each and

17  every other Defendant and/or their employees or agents, or are jointly and vicariously liable for the

18  acts of each other Defendant. At all relevant times, each Defendant acted in all aspects as the agent,

19  employee and/or alter ego of each other.

20        6.      This Court has personal jurisdiction over Defendants. Defendants are and were at all

21  relevant times residents of and/or authorized to conduct business in the State of California and

22  Defendants conducted such business within the State including the performance of acts that caused or

23  contributed to the harm giving rise to this action.

24        7.      Venue in this matter is proper in the County of Los Angeles because that is where the

25  injury complained of occurred.  See C.C.P. § 395.

26  ///

27  ///

28  ///

<div align="center">2</div>

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

1        8.      This Court has subject matter jurisdiction of this matter, as the action incorporates an

2 amount in controversy which exceeds the minimum jurisdictional limits.

3                 **II.**     **FACTUAL BACKGROUND**

4        9.      At all times herein mentioned Defendant NIKE was the possessor, operator, and/or

5 lessee of the real property located at 189 The Grove Dr., Space Q-30, Los Angeles, California, 90036

6 (hereinafter referred to as "Subject Property").

7       10.     At all times herein mentioned Defendant NIKE controlled and/or managed the Subject

8 Property which consists of a retail store.

9       11.     On or about January 29, 2019, Plaintiff entered the subject property and slipped and fell

10 on a black, plastic, clothing "clip" which the NIKE employees had been throwing around the store

11 prior to Plaintiff entering.

12       12.     As a result of Defendants' negligence, Plaintiff sustained physical injuries, pain and

13 suffering which necessitated medical treatment. Plaintiff was also disabled from work.

14                **III.**     **FIRST CAUSE OF ACTION**

15                           **Negligence**

16          **(By Plaintiff as Against All Defendants and Does 1-25)**

17       13.     Plaintiff incorporates by reference each and every paragraph of this Complaint as

18 though set forth in full in this cause of action.

19       14.     At all times mentioned herein, Defendants were the possessors, operators and/or lessees

20 of the real property located at 189 The Grove Dr., Space Q-30, Los Angeles, California, 90036

21 (hereinafter referred to as the "Subject Property").

22       15.     At all times mentioned herein, Defendants controlled, operated and managed the

23 Subject Property.

24       16.     At all times mentioned herein, Defendants owed Plaintiff a duty to exercise reasonable

25 care as a customer of Defendants' retail store at the Subject Property.

26       17.     Defendants failed to act with reasonable care by:

27            a.      Failing to conduct reasonable inspections of the Subject Property;

28            b.      Failing to warn of the dangerous condition posed by the clip on the floor;

<div align="center">

3

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

</div>

c.      Failing to remove the clip from the floor;

d.      Failing to act with reasonable care under the circumstances so as to protect the life, health, and safety of Plaintiff; and

e.      Otherwise failing to act with reasonable care under the circumstances involved in the subject incident.

18.   As a direct and proximate result of Defendants' conduct, Plaintiff slipped on the clip and fell onto the floor. As a further direct and proximate result of Defendants' conduct, Plaintiff has suffered and continues to suffer from physical injuries.

19.   As a direct and proximate result of Defendants' conduct, Plaintiff has suffered, and continues to suffer, general damages, pain, suffering and emotional distress in an amount that will be proven at time of trial.

20.   As a further direct and proximate result of Defendants' conduct, Plaintiff has suffered, and continues to suffer, economic loss including, but not limited to, loss of earnings, loss of earning potential, out-of-pocket medical expenses in an amount that will be proven at time of trial.

## IV.   SECOND CAUSE OF ACTION

### Premises Liability

### (By Plaintiff as Against All Defendants and DOES 26 through 50)

21.   Plaintiff hereby incorporates each of the preceding paragraphs, as though fully set forth herein.

22.   A possessor, operator, and/or lessee of a premises has a duty to exercise reasonable care in inspecting, maintaining, repairing, and/or managing his/her property in order to avoid exposing persons on the premises to an unreasonable risk of harm.

23.   At all times mentioned herein, Defendants, controlled, operated, and managed the Subject Property.

24.   Defendants failed to act with reasonable care by:

a.   Failing to conduct reasonable inspections of the Subject Property;

b.   Failing to warn of the dangerous condition posed by the clip on the floor;

4

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

c. Failing to remove the clip from the floor;

d. Failing to act with reasonable care under the circumstances so as to protect the life, health, and safety of Plaintiff; and

e. Otherwise failing to act with reasonable care under the circumstances involved in the subject incident.

25.     At all times herein mentioned, Defendants in the exercise of reasonable care and caution, knew or should have known that the above-described condition of e Subject Property was dangerous, defective, and/or created a substantial risk of the type of injury herein alleged when used with due care in a manner that was reasonably foreseeable. Defendants, through the use of reasonable care, should have discovered, remedied, and/or warned of the unreasonable risk of harm posed by the clip to customers, including Plaintiff.

26.     The negligence and carelessness of Defendants was the proximate cause of Plaintiff's injuries and damages.

27.     Each of these actions and/or inactions affirmatively contributed to and was a substantial factor in causing Plaintiff's physical injuries in an amount to be proven at the time of trial.

28.     Each of these actions and/or inactions affirmatively contributed to and was a substantial factor in causing Plaintiff to suffer general damages, pain, suffering, and/or emotional distress in an amount to be proven at the time of trial.

29.     Each of these actions and/or inactions affirmatively contributed to and was a substantial factor in causing Plaintiff to suffer economic loss including, but not limited to, loss of earnings, loss of earning potential, and/or out-of-pocket medical expenses in an amount to be proven at the time of trial.

## V.     **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendant, as follows:

1.     For general damages in a sum in excess of the minimum jurisdiction of this Court;

2.     For special damages, including but not limited to past and future medical expenses, loss of earnings, loss of earning capacity, out-of-pocket medical expenses according to proof;

5

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

3.   For costs of suit and pre-judgment interest, according to proof; and

4.   For such other and further relief as the Court deems just and proper.

Dated:  January 14, 2021

**ROBINS CLOUD LLP**

By: _____
Robert T. Bryson, Esq.
Bradley R. Fagnani, Esq.
Attorneys for Plaintiff
ROBIN BOUILLETTE

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues so triable.

Dated:  January 14, 2021

**ROBINS CLOUD LLP**

By: _____
Robert T. Bryson
Bradley R. Fagnani
Attorneys for Plaintiff,
ROBIN BOUILLETTE

6
**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

**EXHIBIT "B" Page 65 of 158**

21STCV01476
Electronically FILED by Superior Court of California, County of Los Angeles on 01/14/2021 08:00 AM Sherri R. Carter, Executive Officer/Clerk of Court, by M. Barel,Deputy Clerk

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Robert T. Bryson (1SBN 56953)/Bradley R. Fagnani (SBN 261330) 808 Wilshire Blvd, Suite 450, Santa Monica, CA 90401 | |

TELEPHONE NO.: (310) 929-4200   FAX NO.: (310) 566-5900
ATTORNEY FOR (Name): Plaintiff, Robin Brouillette

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS: Los Angles, CA 90012
CITY AND ZIP CODE: Stanley Mosk Courthouse
BRANCH NAME:

CASE NAME: Robin Brouillette v. Nike, Inc. et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 21STCV01476 |
|---|---|---|
| [x] Unlimited (Amount demanded exceeds $25,000) [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: DEPT: |

Items 1–6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[X] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought (check all that apply): a. [X] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action (specify):
5. This case [ ] is [X] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date:
Bradley R. Fagnani
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

**EXHIBIT "B" Page 66 of 158**

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*

**Other PI/PD/WD (Personal Injury/**
**Property Damage/Wrongful Death)**
**Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability *(not asbestos or
    toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)

**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer
      or wrongful eviction)*
    Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
      domain, landlord/tenant, or
      foreclosure)*

**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*

**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.**
**Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)

**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment *(non-
      domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case

**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
      harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition

**CIVIL CASE COVER SHEET**

| SHORT TITLE: ROBIN BROUILLETTE  v. NIKE, INC. et al | CASE NUMBER |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

**Applicable Reasons for Choosing Court Filing Location (Column C)**

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/ Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 1, 11 |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☑ A7250  Premises Liability (e.g., slip and fall) | 1, 4, **11** |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 1 of 4

**EXHIBIT "B" Page 68 of 158**

| SHORT TITLE: ROBIN BROUILLETTE  v. NIKE, INC. et al | CASE NUMBER |
|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109  Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation        Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032  Quiet Title | 2, 6 |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

| SHORT TITLE: ROBIN BROUILLETTE  v. NIKE, INC. et al | CASE NUMBER |
|---|---|

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160  Abstract of Judgment | 2, 6 |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment With Damages | 2, 3, 9 |
| | | ☐ A6123  Workplace Harassment With Damages | 2, 3, 9 |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case With Damages | 2, 3, 9 |
| | | ☐ A6190  Election Contest | 2 |
| | | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100  Other Civil Petition | 2, 9 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

**EXHIBIT "B" Page 70 of 158**

| SHORT TITLE: ROBIN BROUILLETTE  v. NIKE, INC. et al | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected.  Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON:<br><br>□ 1. □ 2. ☑ 3. □ 4. □ 5. □ 6. □ 7.  □ 8. □  9. □ 10. □ 11. | ADDRESS:<br><br>189 The Grove Dr., Space Q-30 |
|---|---|

| CITY:<br><br>Los Angeles | STATE:<br><br>CA | ZIP CODE:<br><br>90036 | |
|---|---|---|---|

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the ___Central___ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: 1/13/2021

_(SIGNATURE OF ATTORNEY/FILING PARTY)_

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 4 of 4

**EXHIBIT "B" Page 71 of 158**

Electronically FILED by Superior Court of California, County of Los Angeles on 01/14/2021 10:31 AM Sherri R. Carter, Executive Officer/Clerk of Court, by J. Tang, Deputy Clerk

**ROBINS CLOUD LLP**
Robert T. Bryson (SBN 156953)
Bradley R. Fagnani (SBN 261330)
808 Wilshire Blvd., Suite 450
Santa Monica, California 90401
Telephone (310) 929-4200
Facsimile (310) 566-5900
rbryson@robinscloud.com
bfagnani@robinscloud.com

Attorneys for Plaintiff,
ROBIN BROUILLETTE

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES

| | |
|---|---|
| ROBIN BROUILLETTE, an individual;<br><br>Plaintiff,<br><br>vs.<br><br>NIKE, INC.;  NIKE RETAIL SERVICES, INC.; NIKE USA, INC.; and DOES 1-50, inclusive;<br><br>Defendants. | CASE NO: **21STCV01476**<br><br>**STATEMENT OF DAMAGES**<br><br>[UNLIMITED CIVIL ACTION] |

Plaintiff ROBIN BROUILLETTE hereby demands the following damages in this matter:

1. For economic damages in the amount of $1,000,000.00; and

2. For non-economic damages in the amount of $2,000,000.00.


Dated: January 14, 2021            **ROBINS CLOUD LLP**

By: _____
Robert T. Bryson, Esq.
Bradley R. Fagnani, Esq.
Attorneys for Plaintiff
ROBIN BOUILLETTE

1

**STATEMENT OF DAMAGES**

Electronically FILED by Superior Court of California, County of Los Angeles on 01/14/2021 10:31 AM Sherri R. Carter, Executive Officer/Clerk of Court, by J. Tang, Deputy Clerk

**ROBINS CLOUD LLP**
Robert T. Bryson (SBN 156953)
Bradley R. Fagnani (SBN 261330)
808 Wilshire Blvd., Suite 450
Santa Monica, California 90401
Telephone (310) 929-4200
Facsimile (310) 566-5900
rbryson@robinscloud.com
bfagnani@robinscloud.com

Attorneys for Plaintiff,
ROBIN BROUILLETTE

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF LOS ANGELES**

| | |
|---|---|
| ROBIN BROUILLETTE, an individual;<br><br>        Plaintiff,<br><br>vs.<br><br>NIKE, INC.;  NIKE RETAIL SERVICES, INC.; NIKE USA, INC.; and DOES 1-50, inclusive;<br><br>        Defendants. | CASE NO: 21STCV01476<br><br>**PLAINTIFF'S NOTICE OF POSTING JURY FEES**<br><br>[UNLIMITED CIVIL ACTION] |

COMES NOW Plaintiff ROBIN BROUILETTE, by and through the undersigned counsel, and hereby deposits with the Los Angeles County Superior Court advance jury fees in the amount of $150.00 pursuant to *California Code of Civil Procedure* § 631(b).

Dated: January 14, 2021          **ROBINS CLOUD LLP**

By: _____
Robert T. Bryson, Esq.
Bradley R. Fagnani, Esq.
Attorneys for Plaintiff
ROBIN BOUILLETTE

1
**NOTICE OF POSTING JURY FEES**

| SUPERIOR COURT OF CALIFORNIA COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS: Spring Street Courthouse 312 North Spring Street, Los Angeles, CA 90012 | FILED Superior Court of California County of Los Angeles 01/14/2021 Sherri R. Carter, Executive Officer / Clerk of Court By: M. Barel Deputy |
| NOTICE OF CASE ASSIGNMENT UNLIMITED CIVIL CASE | |
| Your case is assigned for all purposes to the judicial officer indicated below. | CASE NUMBER: 21STCV01476 |

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**

| | ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|
| ✓ | Thomas D. Long | 31 | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on 01/14/2021
    (Date)

Sherri R. Carter, Executive Officer / Clerk of Court

By M. Barel                          , Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007.  They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed.  Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint.  Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date.  All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference.  These matters may be heard and resolved at this conference.  At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules.  Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction.  Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status.  If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

**FILED**
Superior Court of California
County of Los Angeles

2020-SJ-002-00

**FEB 24 2020**

Sherri R. Carter, Executive Officer/Clerk

By _____ Deputy
Lorena Albino

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF LOS ANGELES**

| | |
|---|---|
| IN RE PERSONAL INJURY COURT ("PI COURT") PROCEDURES SPRING STREET COURTHOUSE (EFFECTIVE FEBRUARY 24, 2020) | ) CASE NO.: <br> ) <br> ) FIRST AMENDED STANDING ORDER <br> ) RE: PERSONAL INJURY PROCEDURES <br> ) AT THE SPRING STREET COURTHOUSE |

---

**ALL HEARINGS ARE SET IN THE DEPARTMENT AS REFLECTED IN THE NOTICE OF CASE ASSIGNMENT**

**FINAL STATUS CONFERENCE:**

       DATE: _____ AT 10:00 A.M.

**TRIAL:**

       DATE: _____ AT 8:30 A.M.

**OSC RE DISMISSAL**
**(CODE CIV. PROC., § 583.210):**

       DATE: _____ AT 8:30 A.M.

---

TO EACH PARTY AND TO THE ATTORNEY OF RECORD FOR EACH PARTY:

Pursuant to the California Code of Civil Procedure ("C.C.P."), the California Rules of Court ("C.R.C.") and the Los Angeles County Court Rules ("Local Rules"), the Los Angeles Superior Court ("LASC" or "Court") HEREBY AMENDS AND SUPERSEDES THE SEPTEMBER 26, 2019 STANDING ORDER AND, GENERALLY ORDERS AS FOLLOWS IN THIS AND ALL OTHER GENERAL JURISDICTION PERSONAL INJURY ("PI") ACTIONS FILED IN THE CENTRAL DISTRICT.

///

First Amended Standing Order Re Personal Injury Procedures, Spring Street Courthouse

2020-SJ-002-00

1.      To ensure proper assignment to a PI Court, plaintiff(s) must carefully fill out the Civil Case Cover Sheet Addendum (form LACIV 109). The Court defines "personal injury" as: "an unlimited civil case described on the Civil Case Cover Sheet Addendum and Statement of Location (LACIV 109) as Motor Vehicle-Personal Injury/Property Damage/Wrongful Death; Personal Injury/Property Damage/Wrongful Death-Uninsured Motorist; Product Liability (other than asbestos or toxic/environmental); Medical Malpractice-Physicians & Surgeons; Other Professional Health Care Malpractice; Premises Liability; Intentional Bodily Injury/Property Damage/Wrongful Death; or Other Personal Injury/Property Damage/Wrongful Death. An action for intentional infliction of emotional distress, defamation, civil rights/discrimination, or malpractice (other than medical malpractice), is not included in this definition. An action for injury to real property is not included in this definition" (Local Rule 2.3(a)(1) (A)).

      Consistent with Local Rule 2.3(a)(1)(A), the Court will assign a case to the PI Courts if plaintiff(s) checks any of the following boxes in the Civil Case Cover Sheet Addendum:

☐ A7100 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death

☐ A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist

☐ A7260 Product Liability (not asbestos or toxic/environmental)

☐ A7210 Medical Malpractice – Physicians & Surgeons

☐ A7240 Medical Malpractice – Other Professional Health Care Malpractice

☐ A7250 Premises Liability (e.g., slip and fall)

☐ A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism etc.)

☐ A7220 Other Personal Injury/Property Damage/Wrongful Death

      The Court will not assign cases to the PI Courts if plaintiff(s) checks any boxes elsewhere in the Civil Case Cover Sheet Addendum (any boxes on pages two and three of that form).

      The Court sets the above dates in this action in the PI Court as reflected in the Notice of Case Assignment at the Spring Street Courthouse, 312 North Spring Street, Los Angeles, CA

Page 2 of 7

First Amended Standing Order Re Personal Injury Procedures, Spring Street Courthouse

2020-SJ-002-00

1    90012 (C.R.C. Rules 3.714(b)(3), 3.729).

2    **FILING OF DOCUMENTS**

3    2.      With the exception of self-represented litigants or parties or attorneys that have obtained

4    an exemption from mandatory electronic filing, parties must electronically file documents.

5    Filings are no longer accepted via facsimile.  The requirements for electronic filing are detailed

6    in the Court's operative General Order Re Mandatory Electronic Filing for Civil, available online

7    at www.lacourt.org (link on homepage).

8    **SERVICE OF SUMMONS AND COMPLAINT**

9    3.      Plaintiff(s) shall serve the summons and complaint in this action upon defendant(s) as

10   soon as possible but no later than three years from the date when the complaint is filed

11   (C.C.P. § 583.210, subd. (a)).  On the OSC re Dismissal date noted above, the PI Court will

12   dismiss the action and/or all unserved parties unless the plaintiff(s) shows cause why the action

13   or the unserved parties should not be dismissed (C.C.P. §§ 583.250; 581, subd. (b)(4)).

14   4.      The Court sets the above trial and final status conference ("FSC") dates on the condition

15   that plaintiff(s) effectuate service on defendant(s) of the summons and complaint within six

16   months of filing the complaint.

17   5.      The PI Court will dismiss the case without prejudice pursuant to Code of Civil Procedure

18   § 581 when no party appears for trial.

19   **STIPULATIONS TO CONTINUE TRIAL**

20   6.      Provided that all parties agree (and there is no violation of the "five-year rule" (C.C.P.

21   § 583.310)), the parties may advance or continue any trial date in the PI Courts without showing

22   good cause or articulating any reason or justification for the change.  To continue or advance a

23   trial date, the parties (or their counsel of record) should jointly execute and submit a Stipulation

24   to Continue Trial, FSC and Related Motion/Discovery Dates (form LACIV CTRL-242, available

25   on the court's website, Personal Injury Court link).  The PI Courts schedule FSCs at 10:00 a.m.,

26   eight court days before the trial date.  Parties seeking to continue the trial and FSC dates shall

27   file the stipulation at least eight court days before the FSC date.  Parties seeking to advance the

28   trial and FSC dates shall file the stipulation at least eight court days before the proposed advanced

First Amended Standing Order Re Personal Injury Procedures, Spring Street Courthouse

**EXHIBIT "B" Page 78 of 158**

2020-SJ-002-00

1    FSC date (C.C.P. § 595.2;  Govt. Code § 70617, subd. (c)(2)). In selecting a new trial date,

2    parties should avoid setting on any Monday, or the Tuesday following a court holiday.  Parties

3    may submit a maximum of two stipulations to continue trial, for a total continuance of six

4    months. Subsequent requests to continue trial will be granted upon a showing of good cause by

5    noticed motion.  This rule is retroactive so that any previously granted stipulation to continue

6    trial will count toward the maximum number of allowed continuances.

7    **NO CASE MANAGEMENT CONFERENCES**

8    7.      The PI Courts do not conduct case management conferences.  The parties need not file a

9    Case Management Statement.

10   **LAW AND MOTION**

11   8.      Any and all electronically-filed documents must be text searchable and bookmarked.

12   (*See* operative General Order re Mandatory Electronic Filing in Civil).

13   **COURTESY COPIES REQUIRED**

14   9.      Pursuant to the operative General Order re Mandatory Electronic Filing, courtesy

15   copies of certain documents must be submitted directly to the PI Court courtrooms at the

16   Spring Street Courthouse.  The PI Courts also strongly encourage the parties filing and

17   opposing lengthy motions, such as motions for summary judgment/adjudication, to submit one

18   or more three-ring binders organizing the courtesy copy behind tabs.  Any courtesy copies of

19   documents with declarations and/or exhibits must be tabbed (C.R.C. Rule 3.1110(f)).  All

20   deposition excerpts referenced in briefs must be marked on the transcripts attached as exhibits

21   (C.R.C. Rule 3.1116(c)).

22   **RESERVATION HEARING DATE**

23   10.    Parties must reserve hearing dates for motions in the PI Courts using the Court

24   Reservation System (CRS) available online at *www.lacourt.org* (link on homepage).  After

25   reserving a motion hearing date, the reservation requestor must submit the papers for filing with

26   the reservation receipt number printed on the face page of the document under the caption and

27   attach the reservation receipt as the last page.  Parties or counsel who are unable to utilize the

28   online CRS may reserve a motion hearing date by calling the PI courtroom, Monday through

First Amended Standing Order Re Personal Injury Procedures, Spring Street Courthouse

2020-SJ-002-00

1   Friday, between 3:00 p.m. and 4:00 p.m.

2   **WITHDRAWAL OF MOTIONS**

3   11.   California Rules of Court, Rule 3.1304(b) requires a moving party to notify the court
4   immediately if a matter will not be heard on the scheduled date.  In keeping with that rule, the
5   PI Courts require parties to comply with Code of Civil Procedure section 472(a) with regard to
6   the amending of pleadings related to demurrers or motions to strike so that the PI Courts do not
7   needlessly prepare tentative rulings for these matters.

8   **DISCOVERY MOTIONS**

9   12.   The purpose of an Informal Discovery Conference ("IDC") is to assist the parties to
10  resolve and/or narrow the scope of discovery disputes.  Lead trial counsel on each side, or another
11  attorney with full authority to make binding agreements, must attend in person.  The PI judges
12  have found that, in nearly every case, the parties amicably resolve disputes with the assistance
13  of the Court.

14  13.   Parties **must** participate in an IDC **before** a Motion to Compel Further Responses to
15  Discovery will be heard unless the moving party submits evidence, by way of declaration, that
16  the opposing party has failed or refused to participate in an IDC.  Scheduling or participating in
17  an IDC does not automatically extend any deadlines imposed by the Code of Civil Procedure for
18  noticing and filing discovery motions.  Ideally, the parties should participate in an IDC before a
19  motion is filed because the IDC may avoid the necessity of a motion or reduce its scope.  Because
20  of that possibility, attorneys are encouraged to stipulate to extend the 45 (or 60) day deadline for
21  filing a motion to compel further discovery responses in order to allow time to participate in an
22  IDC.

23       If parties do not stipulate to extend the deadlines, the moving party may file the motion
24  to avoid it being deemed untimely.   However, the IDC must take place before the motion is
25  heard so it is suggested that the moving party reserve a date for the motion hearing that is at least
26  60 days after the date when the IDC reservation is made.  Motions to Compel Further Discovery
27  Responses are heard at 10:00 a.m.  If the IDC is not productive, the moving party may advance
28  the hearing on a Motion to Compel Further Discovery Responses on any available hearing date

First Amended Standing Order Re Personal Injury Procedures, Spring Street Courthouse

2020-SJ-002-00

1  that complies with the notice requirements of the Code of Civil Procedure.

2  14.    Parties must reserve IDC dates in the PI Courts using CRS, which is available online at

3  www.lacourt.org (link on homepage). Parties must meet and confer regarding the available dates

4  in CRS prior to accessing the system.  After reserving the IDC date, the reservation requestor

5  must file and serve an Informal Discovery Conference Form for Personal Injury Courts (form

6  LACIV 239) at least 15 court days prior to the conference and attach the CRS reservation receipt

7  as the last page.  The opposing party may file and serve a responsive IDC form, briefly setting

8  forth that party's response, at least ten court days prior to the IDC.

9  15.    Time permitting, the PI Hub judges may be available to participate in IDCs to try to

10  resolve other types of discovery disputes.

11  **EX PARTE APPLICATIONS**

12  16.    Under the California Rules of Court, courts may only grant *ex parte* relief upon a

13  showing, by admissible evidence, that the moving party will suffer "irreparable harm,"

14  "immediate danger," or where the moving party identifies "a statutory basis for granting relief

15  ex parte" (C.R.C. Rule 3.1202(c)).  The PI Courts have no capacity to hear multiple *ex parte*

16  applications or to shorten time to add hearings to their fully booked motion calendars.  The PI

17  Courts do not regard the Court's unavailability for timely motion hearings as an "immediate

18  danger" or threat of "irreparable harm" justifying *ex parte* relief.  Instead of seeking *ex parte*

19  relief, the moving party should reserve the earliest available motion hearing date (even if it is

20  after the scheduled trial date) and file a motion to continue trial.  Parties should also check

21  CRS from time to time because earlier hearing dates may become available as cases settle or

22  hearings are taken off calendar.

23  **REQUEST FOR TRANSFER TO INDEPENDENT CALENDAR DEPARTMENT**

24  17.    Parties seeking to transfer a case from a PI Court to an Independent Calendar ("IC")

25  Court shall file and serve the Court's "Motion/Opposition/Stipulation to Transfer Complicated

26  Personal Injury Case to Independent Calendar Court" (form LACIV 238, available on the Court's

27  website under the PI Courts link).  The PI Courts will transfer a matter to an IC Court if the case

28  is not a "Personal Injury" case as defined in this Order, or if it is "complicated."  In determining

First Amended Standing Order Re Personal Injury Procedures, Spring Street Courthouse

2020-SJ-002-00

1  whether a personal injury case is "complicated" the PI Courts will consider, among other things,

2  the number of pretrial hearings or the complexity of issues presented.

3  18.     Parties opposing a motion to transfer have five court days to file an Opposition (using

4  the same LACIV 238 Motion to Transfer form).

5  19.     The PI Courts will not conduct a hearing on any Motion to Transfer to IC Court. Although

6  the parties may stipulate to transfer a case to an Independent Calendar Department, the PI Courts

7  will make an independent determination whether to transfer the case or not.

8  **FINAL STATUS CONFERENCE**

9  20.     Parties shall comply with the requirements of the PI Courts' operative Standing Order

10 Re Final Status Conference, which shall be served with the summons and complaint.

11 **JURY FEES**

12 21.     Parties must pay jury fees no later than 365 calendar days after the filing of the initial

13 complaint (C. C. P. § 631, subd. (c)(2)).

14 **JURY TRIALS**

15 22.     The PI Courts do not conduct jury trials.  On the trial date, a PI Court will contact the

16 Master Calendar Court, Department One, in the Stanley Mosk Courthouse.  Department One

17 will assign cases for trial to dedicated Civil Trial Courtrooms and designated Criminal

18 Courtrooms.

19 **SANCTIONS**

20 23.     The Court has discretion to impose sanctions for any violation of this general order

21 (C.C.P. §§ 128.7, 187 and Gov. Code, § 68608, subd. (b)).

22

23

24 Dated: _Feb. 24, 2020_

25 SAMANTHA P. JESSNER
   Supervising Judge of Civil Courts

26

27

28

First Amended Standing Order Re Personal Injury Procedures, Spring Street Courthouse

**EXHIBIT "B" Page 82 of 158**

**FILED**
Superior Court of California
County of Los Angeles

FEB 24 2020

Sherri R. Carter, Executive Officer/Clerk
By_____ Deputy
Lorena Albino

2020-SJ-004-00

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

# FOR THE COUNTY OF LOS ANGELES – CENTRAL DISTRICT

| | |
|---|---|
| IN RE PERSONAL INJURY CASES ASSIGNED TO THE PERSONAL INJURY COURTS AT THE SPRING STREET COURTHOUSE | ) THIRD AMENDED STANDING ORDER ) RE: FINAL STATUS CONFERENCE, ) PERSONAL INJURY ("PI") COURTS ) (Effective January 13, 2020) ) ) |

The dates for Trial and the Final Status Conference ("FSC") having been set in this matter, the **COURT HEREBY AMENDS AND SUPERSEDES ITS** August 9, 2019 **STANDING ORDER RE: FINAL STATUS CONFERENCE, PERSONAL INJURY ("PI") COURTS AND, GENERALLY ORDERS AS FOLLOWS IN THIS AND ALL OTHER GENERAL JURISDICTION PERSONAL INJURY ACTIONS:**

**1.     PURPOSE OF THE FSC**

The purpose of the FSC is to verify that the parties/counsel are completely ready to proceed with trial continuously and efficiently, from day to day, until verdict.  The PI Courts will verify at the FSC that all parties/counsel have (1) prepared the Exhibit binders and Trial Document binders and (2) met and conferred in an effort to stipulate to ultimate facts, legal issues, motions in limine, and the authentication and admissibility of exhibits.

///

///

///

Page 1 of 5

2.      **TRIAL DOCUMENTS TO BE FILED**

At least five calendar days prior to the Final Status Conference, the parties/counsel shall serve and file the following Trial Readiness Documents:

A.      **TRIAL BRIEFS (OPTIONAL)**

Each party/counsel may, but is not required to, file a trial brief succinctly identifying:

(1) the claims and defenses subject to litigation;

(2) the major legal issues (with supporting points and authorities);

(3) the relief claimed and calculation of damages sought; and

(4) any other information that may assist the court at trial.

B.      **MOTIONS IN LIMINE**

Before filing motions in limine, the parties/counsel shall comply with the statutory notice provisions of Code of Civil Procedure ("C.C.P.") Section 1005 and the requirements of Los Angeles County Court Rule ("Local Rule") 3.57(a). The caption of each motion in limine shall concisely identify the evidence that the moving party seeks to preclude. Parties filing more than one motion in limine shall number them consecutively. Parties filing opposition and reply papers shall identify the corresponding motion number in the caption of their papers.

C.      **JOINT STATEMENT TO BE READ TO THE JURY**

For jury trials, the parties/counsel shall work together to prepare and file a joint written statement of the case for the court to read to the jury (Local Rule 3.25(g)(4)).

D.      **JOINT WITNESS LIST**

The parties/counsel shall work together to prepare and file a joint list of all witnesses that each party intends to call, excluding impeachment and rebuttal witnesses (Local Rule 3.25(g)(5)). The joint witness list shall identify each witness by name, specify which witnesses are experts, estimate the length of the direct, cross examination and re-direct examination (if any) of each, and include a total of the number of hours for all witness testimony. The parties/counsel shall identify all potential witness scheduling issues and special requirements. Any party/counsel who seeks to elicit testimony from a witness not identified on the witness list must first make a showing of good cause to the trial court.

THIRD AMENDED ORDER RE FINAL STATUS CONFERENCE, PERSONAL INJURY COURTS
(Effective January 13, 2020)

**E.  LIST OF PROPOSED JURY INSTRUCTIONS**

**(JOINT AND CONTESTED)**

The parties/counsel shall jointly prepare and file a list of proposed jury instructions, organized in numerical order, specifying the instructions upon which all sides agree and the contested instructions, if any.  The List of Proposed Jury Instructions must include a space by each instruction for the judge to indicate whether the instruction was given.

**F.  JURY INSTRUCTIONS**

**(JOINT AND CONTESTED)**

The parties/counsel shall prepare a complete set of full-text proposed jury instructions, editing all proposed California Civil Jury Instructions and insert party name(s) and eliminate blanks, brackets, and irrelevant material.  The parties/counsel shall prepare special instructions in a format ready for submission to the jury with the instruction number, title, and text only (i.e., there should be no boxes or other indication on the printed instruction itself as to the requesting party).

**G.  JOINT VERDICT FORM(S)**

The parties/counsel shall prepare and jointly file a proposed general verdict form or special verdict form (with interrogatories) acceptable to all sides (Local Rule 3.25(g)(8)).  If the parties/counsel cannot agree on a joint verdict form, each party must separately file a proposed verdict form.

**H.  JOINT EXHIBIT LIST**

The parties/counsel shall prepare and file a joint exhibit list organized with columns identifying each exhibit and specifying each party's evidentiary objections, if any, to admission of each exhibit.  The parties/counsel shall meet and confer in an effort to resolve objections to the admissibility of each exhibit.

**I.  PAGE AND LINE DESIGNATION FOR**

**DEPOSITION AND FORMER TESTIMONY**

If the parties/counsel intend to use deposition testimony or former trial testimony in lieu of any witness's live testimony, the parties/counsel shall meet and confer and jointly prepare and file a chart with columns for each of the following:  1) the page and line designations of the deposition or

---

1  former testimony requested for use, 2) objections, 3) counter-designations, 4) any responses thereto,

2  and 5) the Court's ruling.

3  **3.     EVIDENTIARY EXHIBITS**

4      The parties/counsel shall jointly prepare (and be ready to temporarily lodge for inspection at

5  the FSC) three sets of tabbed, internally paginated by document, and properly-marked exhibits,

6  organized numerically in three-ring binders (a set for the Court, the Judicial Assistant and the

7  witnesses).  The parties/counsel shall mark all non-documentary exhibits and insert a simple written

8  description of the exhibit behind the corresponding numerical tab in the exhibit binder.  If the parties

9  have a joint signed exhibit list and electronic copies of their respective exhibits, then the

10 parties/counsel will not be required to produce exhibit binders at the FSC.  However, the exhibit

11 binders will be required by the assigned trial judge when the trial commences.  In the absence of

12 either a joint signed exhibit list or electronic copies, exhibit binders will be required to be produced

13 by all parties/counsel at the FSC.

14 **4.     TRIAL BINDERS REQUIRED IN THE PI COURTS**

15     The parties/counsel shall jointly prepare (and be ready to temporarily lodge and include the

16 following for inspection at the FSC) the Trial Documents consisting of conformed copies (if

17 available), tabbed and organized into three-ring binders with a table of contents that includes the

18 following:

19     Tab A:        Trial Briefs (Optional)

20     Tab B:        Motions in Limine

21     Tab C:        Joint Statement to Be Read to the Jury

22     Tab D:        Joint Witness List

23     Tab E:        Joint List of Jury Instructions (identifying the agreed upon and contested

24                   instructions)

25     Tab F:        Joint and Contested Jury Instructions

26     Tab G:        Joint and/or Contested Verdict Form(s)

27     Tab H:        Joint Exhibit List

28

THIRD AMENDED ORDER RE FINAL STATUS CONFERENCE, PERSONAL INJURY COURTS
(Effective January 13, 2020)

**EXHIBIT "B" Page 86 of 158**

| | |
|---|---|
| Tab I: | Joint Chart of Page and Line Designation(s) for Deposition and |
| | Former Testimony |
| Tab J: | Copies of the Current Operative Pleadings (including the operative complaint, |
| | answer, cross-complaint, if any, and answer to any cross-complaint). |

The parties/counsel shall organize motions in limine (tabbed in numerical order) behind Tab B with the opposition papers and reply papers for each motion placed directly behind the moving papers. The parties shall organize proposed jury instructions behind Tab F, with the agreed upon instructions first in order followed by the contested instructions (including special instructions) submitted by each side.

## 5.   FAILURE TO COMPLY WITH FSC OBLIGATIONS

The court has discretion to require any party/counsel who fails or refuses to comply with this Amended Standing Order to Show Cause why the Court should not impose monetary, evidentiary and/or issue sanctions (including the entry of a default or the striking of an answer).

Dated: _Feb. 24, 2020_

SAMANTHA P. JESSNER
Supervising Judge of Civil Courts

THIRD AMENDED ORDER RE FINAL STATUS CONFERENCE, PERSONAL INJURY COURTS
(Effective January 13, 2020)

2020-SJ-003-00

FILED
Superior Court of California
County of Los Angeles

FEB 24 2020

Sherri R. Carter, Executive Officer/Clerk
By [signature] Deputy
Lorena Albino

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| IN RE PERSONAL INJURY CASES ASSIGNED TO PERSONAL INJURY COURTROOMS AT THE SPRING STREET COURTHOUSE | ) FIFTH AMENDED STANDING ORDER ) RE: MANDATORY SETTLEMENT ) CONFERENCE ) (Effective February 24, 2020) ) |

TO EACH PARTY AND TO THE ATTORNEY OF RECORD FOR EACH PARTY:

**Pursuant to California Code of Civil Procedure, the California Rules of Court and the Los Angeles Court Rules, the Los Angeles Superior Court ("Court") HEREBY AMENDS AND SUPERSEDES THE September 26, 2019 FOURTH AMENDED STANDING ORDER, AND THE COURT HEREBY ISSUES THE FOLLOWING FIFTH AMENDED STANDING ORDER:**

The Court orders the parties to participate in a Mandatory Settlement Conference ("MSC") supervised by a Personal Injury Court Judge and staffed by volunteer settlement attorneys from the American Board of Trial Advocates, the Association of Southern California Defense Counsel, and the Consumer Attorneys Association of Los Angeles.

1. Plaintiff's counsel shall, within two (2) court days of the Court's order of an MSC, access the Consumer Attorneys Association of Los Angeles ("CAALA") website, at www.caala.org, and under "The LASC COURT CONNECTION" click on "LA Superior Court PI MSC (Parties)," to register and schedule a mutually agreed upon time for the MSC prior to the trial date.
2. A mandatory settlement conference statement shall be served on all parties not less than five (5) court days before the scheduled MSC. Parties' counsel shall serve

2020-SJ-003-00

opposing counsel, CAALA at stuart@caala.org, and the Court by email.    Email

addresses for the PI courtrooms can be found on the Court's website at

www.lacourt.org, under *"Division"* go to *"Civil"*, then go to *"General Jurisdiction*

*PI Court"* then click on *"PI Courtroom Email Addresses"*.  CAALA will forward

the mandatory settlement conference statements to the settlement attorneys.

3. Pursuant to California Rules of Court, Rule 3.1380(b) and Los Angeles Superior Court Rule 3.25(d), trial counsel, the parties and persons, including insurance company representatives with full settlement authority, must attend in person unless the settlement judge excuses personal appearance for good cause.

4. If the case settles prior to the scheduled MSC, Plaintiff's counsel shall notify the specific Courtroom, forthwith, of such settlement by email and also CAALA by email to stuart@caala.org.

5. Parties and counsel are ordered to appear in in the assigned Personal Injury Courtroom at the scheduled time and date of the MSC as selected by the parties' counsel.

6. The Court has the discretion to require any party and/or counsel who fails or refuses to comply with this order to show cause why the Court should not impose monetary sanctions.

Dated: ___Feb. 24, 2020___

SAMANTHA P. JESSNER
Supervising Judge of Civil Courts

2

FIFTH AMENDED STANDING ORDER – MANDATORY SETTLEMENT CONFERENCE

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

LACIV 230 (NEW)
LASC Approved 4-11
For Optional Use

**EXHIBIT "B" Page 90 of 158**

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following:*

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

**STIPULATION – EARLY ORGANIZATIONAL MEETING**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h. Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i. Whether the case is suitable for the Expedited Jury Trial procedures (see information at *www.lacourt.org* under "*Civil*" and then under "*General Information*").

2. The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
    (INSERT DATE)                                         (INSERT DATE)
complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3. The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____          ➤ _____
     (TYPE OR PRINT NAME)                              (ATTORNEY FOR PLAINTIFF)
Date:

_____          ➤ _____
     (TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)
Date:

_____          ➤ _____
     (TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)
Date:

_____          ➤ _____
     (TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)
Date:

_____          ➤ _____
     (TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)
Date:

_____          ➤ _____
     (TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)
Date:

_____          ➤ _____
     (TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)

**EXHIBIT "B" Page 92 of 158**

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

      i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

      ii. Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

      i. Also be filed on the approved form (copy attached);

      ii. Include a brief summary of why the requested relief should be denied;

LACIV 036 (new)
LASC Approved 04/11
For Optional Use

**STIPULATION – DISCOVERY RESOLUTION**

Page 1 of 3

| SHORT TITLE: | CASE NUMBER |
|---|---|
| | |

      iii.   Be filed within two (2) court days of receipt of the Request; and

      iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied.  If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

**EXHIBIT "B" Page 94 of 158**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

## The following parties stipulate:

Date:

_____          ➤  _____
            (TYPE OR PRINT NAME)                              (ATTORNEY FOR PLAINTIFF)

Date:

_____          ➤  _____
            (TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)

Date:

_____          ➤  _____
            (TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)

Date:

_____          ➤  _____
            (TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)

Date:

_____          ➤  _____
            (TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)

Date:

_____          ➤  _____
            (TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)

Date:

_____          ➤  _____
            (TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)

LACIV 036 (new)
LASC Approved 04/11          **STIPULATION – DISCOVERY RESOLUTION**                    Page 3 of 3
For Optional Use

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:
   ☐ Request for Informal Discovery Conference
   ☐ Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. For a Request for Informal Discovery Conference, **briefly** describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, **briefly** describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.

<br><br><br><br><br><br><br><br><br><br><br><br>

LACIV 094 (new)
LASC Approved 04/11
For Optional Use

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

**EXHIBIT "B" Page 97 of 158**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

## The following parties stipulate:

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR PLAINTIFF)

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR _____ )

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR _____ )

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR _____ )

## THE COURT SO ORDERS.

Date: _____

_____
JUDICIAL OFFICER

 **Superior Court of California, County of Los Angeles**

**ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE**

THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.

CROSS-COMPLAINANTS must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

## What is ADR?

ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

## Advantages of ADR

- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties): Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

## Disadvantages of ADR

- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR and litigation and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

## Main Types of ADR:

1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

    **Mediation may be appropriate when the parties**
    - want to work out a solution but need help from a neutral person.
    - have communication problems or strong emotions that interfere with resolution.

    **Mediation may _not_ be appropriate when the parties**
    - want a public trial and want a judge or jury to decide the outcome.
    - lack equal bargaining power or have a history of physical/emotional abuse.

LASC CIV 271 Rev. 01/20
For Mandatory Use

1

How to arrange mediation in Los Angeles County

Mediation for civil cases is voluntary and parties may select any mediator they wish. Options include:

The Civil Mediation Vendor Resource List
If all parties agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases):

ADR Services, Inc. Case Manager patricia@adrservices.com (310) 201-0010 (ext. 261)
JAMS, Inc. Senior Case Manager mbinder@jamsadr.com (310) 309-6209
Mediation Center of Los Angeles (MCLA) Program Manager info@mediationLA.org (833) 476-9145
Only MCLA provides mediation in person, by phone and by video conference.

These organizations cannot accept every case and they may decline cases at their discretion.
Visit www.lacourt.org/ADR.ResList for important information and FAQs before contacting them.
NOTE: This program does not accept family law, probate or small claims cases.

Los Angeles County Dispute Resolution Programs
https://wdacs.lacounty.gov/programs/drp/
Small claims, unlawful detainers (evictions) and at the Spring Street Courthouse, limited civil:
○ Free, day- of- trial mediations at the courthouse. No appointment needed.
○ Free or low-cost mediations before the day of trial
○ For free or low-cost Online Dispute Resolution (ODR) by phone or computer before the day of trial visit
http://www.lacourt.org/division/smallclaims/pdf/OnlineDisputeResolutionFlyer-EngSpan.pdf

Mediators and ADR and Bar organizations that provide mediation may be found on the internet.

3. **Arbitration**: Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit http://www.courts.ca.gov/programs-adr.htm

4. **Mandatory Settlement Conferences (MSC)**: MSCs are ordered by the Court and are often held close to the trial date or on the day of trial. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit http://www.lacourt.org/division/civil/CI0047.aspx

**Los Angeles Superior Court ADR website: http://www.lacourt.org/division/civil/CI0109.aspx**
**For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm**

LASC CIV 271 Rev. 01/20
For Mandatory Use

2

**EXHIBIT "B" Page 100 of 158**

FEB 0 4 2021

 **Computershare**

**Computershare Governance Services, Inc.**
100 Beard Sawmill Road, Shelton, CT 06484

02/05/2021

NIKE, Inc.
Carolyn Gutsick
NIKE, Inc.
One Bowerman Drive, Air Ace
Beaverton OR 97005

# SERVICE OF PROCESS NOTICE

Item: 2021-101

The following is a courtesy summary of the enclosed document(s).  **ALL information should be verified by you.**

Note: Any questions regarding the substance of the matter described below, including the status or how to respond, should be directed to the contact set forth in line 12 below or to the court or government agency where the matter is being heard.

| 1. | Entity Served: | NIKE, Inc. |
|---|---|---|
| 2. | Title of Action: | Robin Brouillette vs. Nike, Inc., et al. |
| 3. | Document(s) Served: | Summons<br>Complaint for Damages and Demand for Jury Trial<br>Civil Case Cover Sheet<br>Civil Case Cover Sheet Addendum and Statement of Location |
| 4. | Court/Agency: | Los Angeles County Superior Court |
| 5. | State Served: | California |
| 6. | Case Number: | 21STCV01476 |
| 7. | Case Type: | Negligence/Personal Injury |
| 8. | Method of Service: | Hand Delivered |
| 9. | Date Received: | Thursday 02/04/2021 |
| 10. | Date to Client: | Friday 02/05/2021 |
| 11. | # Days When Answer Due:<br>Answer Due Date: | 30<br>Saturday 03/06/2021    CAUTION: Client is solely responsible for verifying the accuracy of the estimated Answer Due Date. To avoid missing a crucial deadline, we recommend immediately confirming in writing with opposing counsel that the date of the service in their records matches the Date Received. |
| 12. | Sop Sender:<br>(Name, City, State, and Phone Number) | Robert T. Bryson<br>Santa Monica, CA<br>310-929-4200 |
| 13. | Shipped To Client By: | Email Only with PDF Link |
| 14. | Tracking Number: | |
| 15. | Handled By: | 051 |
| 16. | Notes: | Also Attached:<br>* Statement of Damages<br>* Plaintiff's Notice of Posting Jury Fees, etc. |

NOTE: This notice and the information above is provided for general informational purposes only and should not be considered a legal opinion. The client and their legal counsel are solely responsible for reviewing the service of process and verifying the accuracy of all information. At ComputerShare, we take pride in developing systems that effectively manage risk so our clients feel comfortable with the reliability of our service. We always deliver service of process so our clients avoid the risk of a default judgment. As registered agent, our role is to receive and forward service of process.  To decrease risk for our clients, it is not our role to determine the merits of whether service of process is valid and effective.  It is the role of legal counsel to assess whether service of process is invalid or defective. Registered agent services are provided by United Agent Group Inc.

**EXHIBIT "B" Page 102 of 158**

21STCV01476

Electronically FILED by Superior Court of California, County of Los Angeles on 01/14/2021 10:31 AM Sherri R. Carter, Executive Officer/Clerk of Court, by J. Tang,Deputy Clerk

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

<table>
<tr><td>

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

**NIKE, INC.; NIKE RETAIL SERVICES, INC.; NIKE USA, INC.; and DOES 1-50, inclusive;**

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

**ROBIN BROUILLETTE, an individual;**

</td><td>

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

</td></tr>
</table>

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

<table>
<tr><td>

The name and address of the court is:
*(El nombre y dirección de la corte es):* **Stanley Mosk Courthouse**

**111 N. Hill Street, Los Angeles, CA 90012**

</td><td>

CASE NUMBER: *(Número del Caso):*
**21STCV01476**

</td></tr>
</table>

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

**Robert Bryson/Bradley Fagnani - Robins Cloud LLP - 808 Wilshire Blvd, Ste 450, Santa Monica, CA 90401 - (310) 929-4200**

<table>
<tr><td>

DATE:
*(Fecha)* 01/14/2021

</td><td>

Sherri R. Carter Executive Officer / Clerk of Court

, Clerk, by
*(Secretario)* J. Tang

</td><td>

, Deputy
*(Adjunto)*

</td></tr>
</table>

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*

<table>
<tr><td>

[SEAL]

</td><td>

NOTICE TO THE PERSON SERVED: You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☒ on behalf of *(specify)*: **NIKE, INC.,**

under: ☒ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
      ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
      ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
      ☐ other *(specify)*:
4. ☒ by personal delivery on *(date)*

</td></tr>
</table>

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

**EXHIBIT "B" Page 103 of 158**

21STCV01476

Assigned for all purposes to: Spring Street Courthouse, Judicial Officer: Thomas Long

Electronically FILED by Superior Court of California, County of Los Angeles on 01/14/2021 08:00 AM Sherri R. Carter, Executive Officer/Clerk of Court, by M. Barel,Deputy Clerk

**ROBINS CLOUD LLP**
Robert T. Bryson (SBN 156953)
Bradley R. Fagnani (SBN 261330)
808 Wilshire Blvd., Suite 450
Santa Monica, California 90401
Telephone (310) 929-4200
Facsimile (310) 566-5900
rbryson@robinscloud.com
bfagnani@robinscloud.com

Attorneys for Plaintiff,
ROBIN BROUILLETTE

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES

| | |
|---|---|
| ROBIN BROUILLETTE, an individual;<br><br>Plaintiff,<br><br>vs.<br><br>NIKE, INC.; NIKE RETAIL SERVICES, INC.; NIKE USA, INC.; and DOES 1-50, inclusive;<br><br>Defendants. | CASE NO: 21STCV01476<br><br>**COMPLAINT FOR DAMAGES FOR:**<br><br>(1) Negligence<br>(2) Premises Liability<br><br>**DEMAND FOR JURY TRIAL**<br><br>[UNLIMITED CIVIL ACTION] |

Plaintiff, ROBIN BROUILLETTE ("BROUILLETTE" or "Plaintiff"), by and through the undersigned counsel, hereby brings this Complaint for Damages against Defendants NIKE, INC., NIKE RETAIL SERVICES, INC., NIKE USA, INC., and DOES 1-50, inclusive ("NIKE" or "Defendants").

### I. PARTIES, VENUE AND JURISDICTION

1.     At all times herein mentioned, Plaintiff was and is a resident of the County of Los Angeles, State of California.

2.     Plaintiff is informed and believes and thereon alleges that at all time relevant hereto, Defendant NIKE, is an Oregon corporation doing business, including but not limited to the operation of a retail store, in the County of Los Angeles, State of California.

1

3.      NIKE is headquartered at One Bowerman Drive, Beaverton, Oregon, 97005 and can be served via its agent for service of process, United Agent Group, Inc., 4640 Admiralty Way, 5th Floor, Marina Del Rey, California, 90292.

4.      Plaintiff does not know the true names and identities of those Defendants designated as DOES 1 through 50, inclusive, but allege that each of the said fictitiously named Defendants was intentionally, negligently, and unlawfully responsible for the events herein described, and for the injuries and damages sustained by Plaintiff. Plaintiff is informed and believes, and thereon alleges that at all times herein mentioned, DOES 1-50 perpetrated some or all of the wrongful acts alleged herein and at least one of such fictitiously named DOE Defendants is a resident of the State of California. Therefore, each is responsible in some manner for the allegations set forth herein, and is jointly and severally liable to Plaintiff. Plaintiff will seek leave of court to amend this Complaint to state the true name and capacities of such fictitiously named Doe Defendants when ascertained.

5.      The combined acts and/or omissions of each Defendant resulted in indivisible injuries to Plaintiff. Each of the above-named Defendants is a joint tortfeasor and/or agent of one another and is jointly and severally liable to Plaintiff for the negligent and/or intentional acts and omissions alleged herein. Each of the above-named Defendants directed, authorized or ratified the conduct of each and every other Defendant and/or their employees or agents, or are jointly and vicariously liable for the acts of each other Defendant. At all relevant times, each Defendant acted in all aspects as the agent, employee and/or alter ego of each other.

6.      This Court has personal jurisdiction over Defendants. Defendants are and were at all relevant times residents of and/or authorized to conduct business in the State of California and Defendants conducted such business within the State including the performance of acts that caused or contributed to the harm giving rise to this action.

7.      Venue in this matter is proper in the County of Los Angeles because that is where the injury complained of occurred. See C.C.P. § 395.

///

///

///

1       8.     This Court has subject matter jurisdiction of this matter, as the action incorporates an

2  amount in controversy which exceeds the minimum jurisdictional limits.

3                  **II.     FACTUAL BACKGROUND**

4       9.     At all times herein mentioned Defendant NIKE was the possessor, operator, and/or

5  lessee of the real property located at 189 The Grove Dr., Space Q-30, Los Angeles, California, 90036

6  (hereinafter referred to as "Subject Property").

7       10.     At all times herein mentioned Defendant NIKE controlled and/or managed the Subject

8  Property which consists of a retail store.

9       11.     On or about January 29, 2019, Plaintiff entered the subject property and slipped and fell

10  on a black, plastic, clothing "clip" which the NIKE employees had been throwing around the store

11  prior to Plaintiff entering.

12       12.     As a result of Defendants' negligence, Plaintiff sustained physical injuries, pain and

13  suffering which necessitated medical treatment. Plaintiff was also disabled from work.

14                  **III.     FIRST CAUSE OF ACTION**

15                              **Negligence**

16            **(By Plaintiff as Against All Defendants and Does 1-25)**

17       13.     Plaintiff incorporates by reference each and every paragraph of this Complaint as

18  though set forth in full in this cause of action.

19       14.     At all times mentioned herein, Defendants were the possessors, operators and/or lessees

20  of the real property located at 189 The Grove Dr., Space Q-30, Los Angeles, California, 90036

21  (hereinafter referred to as the "Subject Property").

22       15.     At all times mentioned herein, Defendants controlled, operated and managed the

23  Subject Property.

24       16.     At all times mentioned herein, Defendants owed Plaintiff a duty to exercise reasonable

25  care as a customer of Defendants' retail store at the Subject Property.

26       17.     Defendants failed to act with reasonable care by:

27            a.     Failing to conduct reasonable inspections of the Subject Property;

28            b.     Failing to warn of the dangerous condition posed by the clip on the floor;

<div align="center">3</div>

<div align="center">**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**</div>

c. Failing to remove the clip from the floor;

d. Failing to act with reasonable care under the circumstances so as to protect the life, health, and safety of Plaintiff; and

e. Otherwise failing to act with reasonable care under the circumstances involved in the subject incident.

18. As a direct and proximate result of Defendants' conduct, Plaintiff slipped on the clip and fell onto the floor. As a further direct and proximate result of Defendants' conduct, Plaintiff has suffered and continues to suffer from physical injuries.

19. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered, and continues to suffer, general damages, pain, suffering and emotional distress in an amount that will be proven at time of trial.

20. As a further direct and proximate result of Defendants' conduct, Plaintiff has suffered, and continues to suffer, economic loss including, but not limited to, loss of earnings, loss of earning potential, out-of-pocket medical expenses in an amount that will be proven at time of trial.

## IV.   SECOND CAUSE OF ACTION

### Premises Liability

**(By Plaintiff as Against All Defendants and DOES 26 through 50)**

21. Plaintiff hereby incorporates each of the preceding paragraphs, as though fully set forth herein.

22. A possessor, operator, and/or lessee of a premises has a duty to exercise reasonable care in inspecting, maintaining, repairing, and/or managing his/her property in order to avoid exposing persons on the premises to an unreasonable risk of harm.

23. At all times mentioned herein, Defendants, controlled, operated, and managed the Subject Property.

24. Defendants failed to act with reasonable care by:

a. Failing to conduct reasonable inspections of the Subject Property;

b. Failing to warn of the dangerous condition posed by the clip on the floor;

4

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

c.  Failing to remove the clip from the floor;

d.  Failing to act with reasonable care under the circumstances so as to protect the life, health, and safety of Plaintiff; and

e.  Otherwise failing to act with reasonable care under the circumstances involved in the subject incident.

25.    At all times herein mentioned, Defendants in the exercise of reasonable care and caution, knew or should have known that the above-described condition of e Subject Property was dangerous, defective, and/or created a substantial risk of the type of injury herein alleged when used with due care in a manner that was reasonably foreseeable. Defendants, through the use of reasonable care, should have discovered, remedied, and/or warned of the unreasonable risk of harm posed by the clip to customers, including Plaintiff.

26.    The negligence and carelessness of Defendants was the proximate cause of Plaintiff's injuries and damages.

27.    Each of these actions and/or inactions affirmatively contributed to and was a substantial factor in causing Plaintiff's physical injuries in an amount to be proven at the time of trial.

28.    Each of these actions and/or inactions affirmatively contributed to and was a substantial factor in causing Plaintiff to suffer general damages, pain, suffering, and/or emotional distress in an amount to be proven at the time of trial.

29.    Each of these actions and/or inactions affirmatively contributed to and was a substantial factor in causing Plaintiff to suffer economic loss including, but not limited to, loss of earnings, loss of earning potential, and/or out-of-pocket medical expenses in an amount to be proven at the time of trial.

## V.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant, as follows:

1.    For general damages in a sum in excess of the minimum jurisdiction of this Court;

2.    For special damages, including but not limited to past and future medical expenses, loss of earnings, loss of earning capacity, out-of-pocket medical expenses according to proof;

5

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

3.    For costs of suit and pre-judgment interest, according to proof; and

4.    For such other and further relief as the Court deems just and proper.

Dated:  January 14, 2021                  **ROBINS CLOUD LLP**

By: _____
Robert T. Bryson, Esq.
Bradley R. Fagnani, Esq.
Attorneys for Plaintiff
ROBIN BOUILLETTE

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on all issues so triable.

Dated:  January 14, 2021                  **ROBINS CLOUD LLP**

By: _____
Robert T. Bryson
Bradley R. Fagnani
Attorneys for Plaintiff,
ROBIN BOUILLETTE

6

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

21STCV01476
Electronically FILED by Superior Court of California, County of Los Angeles on 01/14/2021 08:00 AM Sherri R. Carter, Executive Officer/Clerk of Court, by M. Barel,Deputy Clerk

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Robert T. Bryson (1SBN 56953)/Bradley R. Fagnani (SBN 261330)<br>808 Wilshire Blvd, Suite 450, Santa Monica, CA 90401<br>TELEPHONE NO: (310) 929-4200   FAX NO: (310) 566-5900<br>ATTORNEY FOR *(Name):* Plaintiff, Robin Brouillette | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF   Los Angeles
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angles, CA 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME:   Robin Brouillette v. Nike, Inc. et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER |
|---|---|---|
| [x] Unlimited    [ ] Limited<br>(Amount          (Amount<br>demanded       demanded is<br>exceeds $25,000)  $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | 21STCV01476<br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [x] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [ ] is [x] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties       d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel    e. [ ] Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve              in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence          f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [X] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
4. Number of causes of action *(specify):*
5. This case [ ] is [X] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date:
Bradley R. Fagnani
_____                    ► _____
(TYPE OR PRINT NAME)                                     (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]
**CIVIL CASE COVER SHEET**
Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
   Damage/Wrongful Death
Uninsured Motorist (46) *(if the
   case involves an uninsured
   motorist claim subject to
   arbitration, check this item
   instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
   Asbestos Property Damage
   Asbestos Personal Injury/
      Wrongful Death
Product Liability *(not asbestos or
   toxic/environmental)* (24)
Medical Malpractice (45)
   Medical Malpractice–
      Physicians & Surgeons
   Other Professional Health Care
      Malpractice
Other PI/PD/WD (23)
   Premises Liability (e.g., slip
      and fall)
   Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
   Intentional Infliction of
      Emotional Distress
   Negligent Infliction of
      Emotional Distress
   Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
   Practice (07)
Civil Rights (e.g., discrimination,
   false arrest) *(not civil
   harassment)* (08)
Defamation (e.g., slander, libel)
   (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
   Legal Malpractice
   Other Professional Malpractice
      *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
   Breach of Rental/Lease
      Contract *(not unlawful detainer
         or wrongful eviction)*
   Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
   Negligent Breach of Contract/
      Warranty
   Other Breach of Contract/Warranty
Collections (e.g., money owed, open
   book accounts) (09)
   Collection Case–Seller Plaintiff
   Other Promissory Note/Collections
      Case
Insurance Coverage *(not provisionally
   complex)* (18)
   Auto Subrogation
   Other Coverage
Other Contract (37)
   Contractual Fraud
   Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
   Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
   Writ of Possession of Real Property
   Mortgage Foreclosure
   Quiet Title
   Other Real Property *(not eminent
      domain, landlord/tenant, or
      foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
   drugs, check this item; otherwise,
   report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
   Writ–Administrative Mandamus
   Writ–Mandamus on Limited Court
      Case Matter
   Writ–Other Limited Court Case
      Review
Other Judicial Review (39)
   Review of Health Officer Order
   Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
   *(arising from provisionally complex
   case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
   Abstract of Judgment (Out of
      County)
   Confession of Judgment *(non-
      domestic relations)*
   Sister State Judgment
   Administrative Agency Award
      *(not unpaid taxes)*
   Petition/Certification of Entry of
      Judgment on Unpaid Taxes
   Other Enforcement of Judgment
      Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
   above)* (42)
   Declaratory Relief Only
   Injunctive Relief Only *(non-
      harassment)*
   Mechanics Lien
   Other Commercial Complaint
      Case *(non-tort/non-complex)*
   Other Civil Complaint
      *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
   Governance (21)
Other Petition *(not specified
   above)* (43)
   Civil Harassment
   Workplace Violence
   Elder/Dependent Adult
      Abuse
   Election Contest
   Petition for Name Change
   Petition for Relief From Late
      Claim
   Other Civil Petition

CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Page 2 of 2

**EXHIBIT "B" Page 111 of 158**

| SHORT TITLE: ROBIN BROUILLETTE v. NIKE, INC. et al | CASE NUMBER |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

### Applicable Reasons for Choosing Court Filing Location (Column C)

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.

7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/ Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070 Asbestos Property Damage <br> ☐ A7221 Asbestos - Personal Injury/Wrongful Death | 1, 11 <br> 1, 11 |
| | Product Liability (24) | ☐ A7260 Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210 Medical Malpractice - Physicians & Surgeons <br> ☐ A7240 Other Professional Health Care Malpractice | 1, 4, 11 <br> 1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☑ A7250 Premises Liability (e.g., slip and fall) <br> ☐ A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) <br> ☐ A7270 Intentional Infliction of Emotional Distress <br> ☐ A7220 Other Personal Injury/Property Damage/Wrongful Death | 1, 4, **11** <br> 1, 4, 11 <br> 1, 4, 11 <br> 1, 4, 11 |

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 1 of 4

EXHIBIT "B" Page 112 of 158

| SHORT TITLE: ROBIN BROUILLETTE v. NIKE, INC. et al | CASE NUMBER |
|---|---|

| A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|

| | | | |
|---|---|---|---|
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109  Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation          Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032  Quiet Title | 2, 6 |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE ROBIN BROUILLETTE v. NIKE, INC. et al | | CASE NUMBER |
|---|---|---|

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160  Abstract of Judgment | 2, 6 |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment With Damages | 2, 3, 9 |
| | | ☐ A6123  Workplace Harassment With Damages | 2, 3, 9 |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case With Damages | 2, 3, 9 |
| | | ☐ A6190  Election Contest | 2 |
| | | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100  Other Civil Petition | 2, 9 |

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 3 of 4

| SHORT TITLE: ROBIN BROUILLETTE  v. NIKE, INC. et al | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected.  Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON:<br><br>☐ 1. ☐ 2. ☑ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11. | ADDRESS<br>189 The Grove Dr., Space Q-30 |
|---|---|

| CITY:<br>Los Angeles | STATE:<br>CA | ZIP CODE:<br>90036 | |
|---|---|---|---|

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the **Central** District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: 1/13/2021

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet, Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).
5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.
6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

**EXHIBIT "B" Page 115 of 158**

Electronically FILED by Superior Court of California, County of Los Angeles on 01/14/2021 10:31 AM Sherri R. Carter, Executive Officer/Clerk of Court, by J. Tang, Deputy Clerk

1  **ROBINS CLOUD LLP**
   Robert T. Bryson (SBN 156953)
2  Bradley R. Fagnani (SBN 261330)
   808 Wilshire Blvd., Suite 450
3  Santa Monica, California 90401
   Telephone (310) 929-4200
4  Facsimile (310) 566-5900
   rbryson@robinscloud.com
5  bfagnani@robinscloud.com

6
   Attorneys for Plaintiff,
7  ROBIN BROUILLETTE

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9
10                      **COUNTY OF LOS ANGELES**

11
   ROBIN BROUILLETTE, an individual;        **CASE NO: 21STCV01476**
12
              Plaintiff,
13                                           **STATEMENT OF DAMAGES**
   vs.
14                                           **[UNLIMITED CIVIL ACTION]**
   NIKE, INC.;  NIKE RETAIL SERVICES,
15 INC.; NIKE USA, INC.; and DOES 1-50,
   inclusive;
16
              Defendants.
17

18     Plaintiff ROBIN BROUILLETTE hereby demands the following damages in this matter:
19
   1.  For economic damages in the amount of $1,000,000.00; and
20
   2.  For non-economic damages in the amount of $2,000,000.00.
21

22

23 Dated:  January 14, 2021            **ROBINS CLOUD LLP**

24

25
                                      By: _____
26                                        Robert T. Bryson, Esq.
                                          Bradley R. Fagnani, Esq.
27                                        Attorneys for Plaintiff
                                          ROBIN BOUILLETTE
28

                                     1
                          **STATEMENT OF DAMAGES**

Electronically FILED by Superior Court of California, County of Los Angeles on 01/14/2021 10:31 AM Sherri R. Carter, Executive Officer/Clerk of Court, by J. Tang,Deputy Clerk

1  **ROBINS CLOUD LLP**
   Robert T. Bryson (SBN 156953)
2  Bradley R. Fagnani (SBN 261330)
   808 Wilshire Blvd., Suite 450
3  Santa Monica, California 90401
   Telephone (310) 929-4200
4  Facsimile (310) 566-5900
   rbryson@robinscloud.com
5  bfagnani@robinscloud.com

6
   Attorneys for Plaintiff,
7  ROBIN BROUILLETTE

8
                **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
9
10                   **COUNTY OF LOS ANGELES**

11
   ROBIN BROUILLETTE, an individual;        CASE NO: 21STCV01476
12
          Plaintiff,
13                                           **PLAINTIFF'S NOTICE OF POSTING
   vs.                                       JURY FEES**
14
   NIKE, INC.;  NIKE RETAIL SERVICES,        [UNLIMITED CIVIL ACTION]
15 INC.; NIKE USA, INC.; and DOES 1-50,
   inclusive;
16
          Defendants.
17

18
          COMES NOW Plaintiff ROBIN BROUILETTE, by and through the undersigned counsel, and
19
   hereby deposits with the Los Angeles County Superior Court advance jury fees in the amount of
20
   $150.00 pursuant to *California Code of Civil Procedure* § 631(b).
21

22

23 Dated:  January 14, 2021              **ROBINS CLOUD LLP**

24

25

26 By: _____
                                         Robert T. Bryson, Esq.
27                                       Bradley R. Fagnani, Esq.
                                         Attorneys for Plaintiff
28                                       ROBIN BOUILLETTE

                                1
   ———————————————————————————————————————————————
                  **NOTICE OF POSTING JURY FEES**

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**01/14/2021**<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ M. Barel _____ Deputy |
| NOTICE OF CASE ASSIGNMENT<br><br>UNLIMITED CIVIL CASE | |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER:<br>21STCV01476 |

<u>THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT</u>

| | ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|
| ✓ | Thomas D. Long | 31 | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on 01/14/2021
(Date)

Sherri R. Carter, Executive Officer / Clerk of Court

By M. Barel _____, Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

EXHIBIT "B" Page 118 of 158

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007.  They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed.  Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint.  Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date.  All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference.  These matters may be heard and resolved at this conference.  At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules.  Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction.  Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status.  If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

**EXHIBIT "B" Page 119 of 158**

**FILED**
Superior Court of California
County of Los Angeles

2020-SJ-002-00

**FEB 24 2020**

Sherri R. Carter, Executive Officer/Clerk

By _____ Deputy
Corina Albino

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

IN RE PERSONAL INJURY ) CASE NO.:
COURT ("PI COURT") PROCEDURES )
SPRING STREET COURTHOUSE ) FIRST AMENDED STANDING ORDER
(EFFECTIVE FEBRUARY 24, 2020) ) RE: PERSONAL INJURY PROCEDURES
_____ ) AT THE SPRING STREET COURTHOUSE

---

**ALL HEARINGS ARE SET IN THE DEPARTMENT AS
REFLECTED IN THE NOTICE OF CASE ASSIGNMENT**

**FINAL STATUS CONFERENCE:**

     DATE: _____ AT 10:00 A.M.

**TRIAL:**

     DATE: _____ AT 8:30 A.M.

**OSC RE DISMISSAL
(CODE CIV. PROC., § 583.210):**

     DATE: _____ AT 8:30 A.M.

---

TO EACH PARTY AND TO THE ATTORNEY OF RECORD FOR EACH PARTY:

Pursuant to the California Code of Civil Procedure ("C.C.P."), the California Rules of Court ("C.R.C.") and the Los Angeles County Court Rules ("Local Rules"), the Los Angeles Superior Court ("LASC" or "Court") HEREBY AMENDS AND SUPERSEDES THE SEPTEMBER 26, 2019 STANDING ORDER AND, GENERALLY ORDERS AS FOLLOWS IN THIS AND ALL OTHER GENERAL JURISDICTION PERSONAL INJURY ("PI") ACTIONS FILED IN THE CENTRAL DISTRICT.

///

Page 1 of 7

First Amended Standing Order Re Personal Injury Procedures, Spring Street Courthouse

2020-SJ-002-00

1    l.        To ensure proper assignment to a PI Court, plaintiff(s) must carefully fill out the Civil
2    Case Cover Sheet Addendum (form LACIV 109). The Court defines "personal injury" as: "an
3    unlimited civil case described on the Civil Case Cover Sheet Addendum and Statement of
4    Location (LACIV 109) as Motor Vehicle-Personal Injury/Property Damage/Wrongful Death;
5    Personal Injury/Property Damage/Wrongful Death-Uninsured Motorist; Product Liability
6    (other than asbestos or toxic/environmental); Medical Malpractice-Physicians & Surgeons;
7    Other Professional Health Care Malpractice; Premises Liability; Intentional Bodily
8    Injury/Property Damage/Wrongful Death; or Other Personal Injury/Property Damage/Wrongful
9    Death. An action for intentional infliction of emotional distress, defamation, civil
10   rights/discrimination, or malpractice (other than medical malpractice), is not included in this
11   definition. An action for injury to real property is not included in this definition" (Local Rule
12   2.3(a)(1) (A)).
13            Consistent with Local Rule 2.3(a)(1)(A), the Court will assign a case to the PI Courts if
14   plaintiff(s) checks any of the following boxes in the Civil Case Cover Sheet Addendum:
15            ☐   A7100 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death
16            ☐   A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured
17                Motorist
18            ☐   A7260 Product Liability (not asbestos or toxic/environmental)
19            ☐   A7210 Medical Malpractice – Physicians & Surgeons
20            ☐   A7240 Medical Malpractice – Other Professional Health Care Malpractice
21            ☐   A7250 Premises Liability (e.g., slip and fall)
22            ☐   A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g.,
23                assault, vandalism etc.)
24            ☐   A7220 Other Personal Injury/Property Damage/Wrongful Death
25            The Court will not assign cases to the PI Courts if plaintiff(s) checks any boxes elsewhere
26   in the Civil Case Cover Sheet Addendum (any boxes on pages two and three of that form).
27            The Court sets the above dates in this action in the PI Court as reflected in the Notice of
28   Case Assignment at the Spring Street Courthouse, 312 North Spring Street, Los Angeles, CA

Page 2 of 7

First Amended Standing Order Re Personal Injury Procedures, Spring Street Courthouse

EXHIBIT "B" Page 121 of 158

2020-SJ-002-00

1   90012 (C.R.C. Rules 3.714(b)(3), 3.729).

2   **FILING OF DOCUMENTS**

3   2.      With the exception of self-represented litigants or parties or attorneys that have obtained

4   an exemption from mandatory electronic filing, parties must electronically file documents.

5   Filings are no longer accepted via facsimile. The requirements for electronic filing are detailed

6   in the Court's operative General Order Re Mandatory Electronic Filing for Civil, available online

7   at www.lacourt.org (link on homepage).

8   **SERVICE OF SUMMONS AND COMPLAINT**

9   3.      Plaintiff(s) shall serve the summons and complaint in this action upon defendant(s) as

10  soon as possible but no later than three years from the date when the complaint is filed

11  (C.C.P. § 583.210, subd. (a)).  On the OSC re Dismissal date noted above, the PI Court will

12  dismiss the action and/or all unserved parties unless the plaintiff(s) shows cause why the action

13  or the unserved parties should not be dismissed (C.C.P. §§ 583.250; 581, subd. (b)(4)).

14  4.      The Court sets the above trial and final status conference ("FSC") dates on the condition

15  that plaintiff(s) effectuate service on defendant(s) of the summons and complaint within six

16  months of filing the complaint.

17  5.      The PI Court will dismiss the case without prejudice pursuant to Code of Civil Procedure

18  § 581 when no party appears for trial.

19  **STIPULATIONS TO CONTINUE TRIAL**

20  6.      Provided that all parties agree (and there is no violation of the "five-year rule" (C.C.P.

21  § 583.310)), the parties may advance or continue any trial date in the PI Courts without showing

22  good cause or articulating any reason or justification for the change.  To continue or advance a

23  trial date, the parties (or their counsel of record) should jointly execute and submit a Stipulation

24  to Continue Trial, FSC and Related Motion/Discovery Dates (form LACIV CTRL-242, available

25  on the court's website, Personal Injury Court link).  The PI Courts schedule FSCs at 10:00 a.m.,

26  eight court days before the trial date.  Parties seeking to continue the trial and FSC dates shall

27  file the stipulation at least eight court days before the FSC date.  Parties seeking to advance the

28  trial and FSC dates shall file the stipulation at least eight court days before the proposed advanced

First Amended Standing Order Re Personal Injury Procedures, Spring Street Courthouse

**EXHIBIT "B" Page 122 of 158**

2020-SJ-002-00

1    FSC date (C.C.P. § 595.2;  Govt. Code § 70617, subd. (c)(2)). In selecting a new trial date,
2    parties should avoid setting on any Monday, or the Tuesday following a court holiday.  Parties
3    may submit a maximum of two stipulations to continue trial, for a total continuance of six
4    months. Subsequent requests to continue trial will be granted upon a showing of good cause by
5    noticed motion.  This rule is retroactive so that any previously granted stipulation to continue
6    trial will count toward the maximum number of allowed continuances.

7    **NO CASE MANAGEMENT CONFERENCES**

8    7.      The PI Courts do not conduct case management conferences.  The parties need not file a
9    Case Management Statement.

10   **LAW AND MOTION**

11   8.      Any and all electronically-filed documents must be text searchable and bookmarked.
12   (*See* operative General Order re Mandatory Electronic Filing in Civil).

13   **COURTESY COPIES REQUIRED**

14   9.      Pursuant to the operative General Order re Mandatory Electronic Filing, courtesy
15   copies of certain documents must be submitted directly to the PI Court courtrooms at the
16   Spring Street Courthouse.  The PI Courts also strongly encourage the parties filing and
17   opposing lengthy motions, such as motions for summary judgment/adjudication, to submit one
18   or more three-ring binders organizing the courtesy copy behind tabs.  Any courtesy copies of
19   documents with declarations and/or exhibits must be tabbed (C.R.C. Rule 3.1110(f)).  All
20   deposition excerpts referenced in briefs must be marked on the transcripts attached as exhibits
21   (C.R.C. Rule 3.1116(c)).

22   **RESERVATION HEARING DATE**

23   10.     Parties must reserve hearing dates for motions in the PI Courts using the Court
24   Reservation System (CRS) available online at *www.lacourt.org* (link on homepage).  After
25   reserving a motion hearing date, the reservation requestor must submit the papers for filing with
26   the reservation receipt number printed on the face page of the document under the caption and
27   attach the reservation receipt as the last page.  Parties or counsel who are unable to utilize the
28   online CRS may reserve a motion hearing date by calling the PI courtroom, Monday through

First Amended Standing Order Re Personal Injury Procedures, Spring Street Courthouse

2020-SJ-002-00

1   Friday, between 3:00 p.m. and 4:00 p.m.

2   **WITHDRAWAL OF MOTIONS**

3   11.    California Rules of Court, Rule 3.1304(b) requires a moving party to notify the court

4   immediately if a matter will not be heard on the scheduled date.  In keeping with that rule, the

5   PI Courts require parties to comply with Code of Civil Procedure section 472(a) with regard to

6   the amending of pleadings related to demurrers or motions to strike so that the PI Courts do not

7   needlessly prepare tentative rulings for these matters.

8   **DISCOVERY MOTIONS**

9   12.    The purpose of an Informal Discovery Conference ("IDC") is to assist the parties to

10  resolve and/or narrow the scope of discovery disputes.  Lead trial counsel on each side, or another

11  attorney with full authority to make binding agreements, must attend in person.  The PI judges

12  have found that, in nearly every case, the parties amicably resolve disputes with the assistance

13  of the Court.

14  13.    Parties **must** participate in an IDC **before** a Motion to Compel Further Responses to

15  Discovery will be heard unless the moving party submits evidence, by way of declaration, that

16  the opposing party has failed or refused to participate in an IDC.  Scheduling or participating in

17  an IDC does not automatically extend any deadlines imposed by the Code of Civil Procedure for

18  noticing and filing discovery motions.  Ideally, the parties should participate in an IDC before a

19  motion is filed because the IDC may avoid the necessity of a motion or reduce its scope.  Because

20  of that possibility, attorneys are encouraged to stipulate to extend the 45 (or 60) day deadline for

21  filing a motion to compel further discovery responses in order to allow time to participate in an

22  IDC.

23          If parties do not stipulate to extend the deadlines, the moving party may file the motion

24  to avoid it being deemed untimely.   However, the IDC must take place before the motion is

25  heard so it is suggested that the moving party reserve a date for the motion hearing that is at least

26  60 days after the date when the IDC reservation is made.  Motions to Compel Further Discovery

27  Responses are heard at 10:00 a.m. If the IDC is not productive, the moving party may advance

28  the hearing on a Motion to Compel Further Discovery Responses on any available hearing date

First Amended Standing Order Re Personal Injury Procedures, Spring Street Courthouse

2020-SJ-002-00

1   that complies with the notice requirements of the Code of Civil Procedure.

2   14.      Parties must reserve IDC dates in the PI Courts using CRS, which is available online at

3   www.lacourt.org (link on homepage). Parties must meet and confer regarding the available dates

4   in CRS prior to accessing the system. After reserving the IDC date, the reservation requestor

5   must file and serve an Informal Discovery Conference Form for Personal Injury Courts (form

6   LACIV 239) at least 15 court days prior to the conference and attach the CRS reservation receipt

7   as the last page. The opposing party may file and serve a responsive IDC form, briefly setting

8   forth that party's response, at least ten court days prior to the IDC.

9   15.      Time permitting, the PI Hub judges may be available to participate in IDCs to try to

10  resolve other types of discovery disputes.

11  **EX PARTE APPLICATIONS**

12  16.      Under the California Rules of Court, courts may only grant *ex parte* relief upon a

13  showing, by admissible evidence, that the moving party will suffer "irreparable harm,"

14  "immediate danger," or where the moving party identifies "a statutory basis for granting relief

15  ex parte" (C.R.C. Rule 3.1202(c)). The PI Courts have no capacity to hear multiple *ex parte*

16  applications or to shorten time to add hearings to their fully booked motion calendars. The PI

17  Courts do not regard the Court's unavailability for timely motion hearings as an "immediate

18  danger" or threat of "irreparable harm" justifying *ex parte* relief. Instead of seeking *ex parte*

19  relief, the moving party should reserve the earliest available motion hearing date (even if it is

20  after the scheduled trial date) and file a motion to continue trial. Parties should also check

21  CRS from time to time because earlier hearing dates may become available as cases settle or

22  hearings are taken off calendar.

23  **REQUEST FOR TRANSFER TO INDEPENDENT CALENDAR DEPARTMENT**

24  17.      Parties seeking to transfer a case from a PI Court to an Independent Calendar ("IC")

25  Court shall file and serve the Court's "Motion/Opposition/Stipulation to Transfer Complicated

26  Personal Injury Case to Independent Calendar Court" (form LACIV 238, available on the Court's

27  website under the PI Courts link). The PI Courts will transfer a matter to an IC Court if the case

28  is not a "Personal Injury" case as defined in this Order, or if it is "complicated." In determining

2020-SJ-002-00

1  whether a personal injury case is "complicated" the PI Courts will consider, among other things,

2  the number of pretrial hearings or the complexity of issues presented.

3  18.    Parties opposing a motion to transfer have five court days to file an Opposition (using

4  the same LACIV 238 Motion to Transfer form).

5  19.    The PI Courts will not conduct a hearing on any Motion to Transfer to IC Court. Although

6  the parties may stipulate to transfer a case to an Independent Calendar Department, the PI Courts

7  will make an independent determination whether to transfer the case or not.

8  **FINAL STATUS CONFERENCE**

9  20.    Parties shall comply with the requirements of the PI Courts' operative Standing Order

10 Re Final Status Conference, which shall be served with the summons and complaint.

11 **JURY FEES**

12 21.    Parties must pay jury fees no later than 365 calendar days after the filing of the initial

13 complaint (C. C. P. § 631, subd. (c)(2)).

14 **JURY TRIALS**

15 22.    The PI Courts do not conduct jury trials.  On the trial date, a PI Court will contact the

16 Master Calendar Court, Department One, in the Stanley Mosk Courthouse.  Department One

17 will assign cases for trial to dedicated Civil Trial Courtrooms and designated Criminal

18 Courtrooms.

19 **SANCTIONS**

20 23.    The Court has discretion to impose sanctions for any violation of this general order

21 (C.C.P. §§ 128.7, 187 and Gov. Code, § 68608, subd. (b)).

24 Dated:  Feb. 24, 2020

SAMANTHA P. JESSNER
Supervising Judge of Civil Courts

**FILED**
Superior Court of California
County of Los Angeles

FEB 24 2020

Sherri R. Carter, Executive Officer/Clerk
By_____ Deputy
Corinna Albino

2020-SJ-004-00

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

# FOR THE COUNTY OF LOS ANGELES – CENTRAL DISTRICT

| | |
|---|---|
| IN RE PERSONAL INJURY CASES ASSIGNED TO THE PERSONAL INJURY COURTS AT THE SPRING STREET COURTHOUSE | THIRD AMENDED STANDING ORDER RE: FINAL STATUS CONFERENCE, PERSONAL INJURY ("PI") COURTS (Effective January 13, 2020) |

The dates for Trial and the Final Status Conference ("FSC") having been set in this matter, the **COURT HEREBY AMENDS AND SUPERSEDES ITS** August 9, 2019 **STANDING ORDER RE: FINAL STATUS CONFERENCE, PERSONAL INJURY ("PI") COURTS AND, GENERALLY ORDERS AS FOLLOWS IN THIS AND ALL OTHER GENERAL JURISDICTION PERSONAL INJURY ACTIONS:**

## I.   PURPOSE OF THE FSC

The purpose of the FSC is to verify that the parties/counsel are completely ready to proceed with trial continuously and efficiently, from day to day, until verdict. The PI Courts will verify at the FSC that all parties/counsel have (1) prepared the Exhibit binders and Trial Document binders and (2) met and conferred in an effort to stipulate to ultimate facts, legal issues, motions in limine, and the authentication and admissibility of exhibits.

///

///

///

Page 1 of 5

**2.      TRIAL DOCUMENTS TO BE FILED**

At least five calendar days prior to the Final Status Conference, the parties/counsel shall serve and file the following Trial Readiness Documents:

**A.      TRIAL BRIEFS (OPTIONAL)**

Each party/counsel may, but is not required to, file a trial brief succinctly identifying:

(1) the claims and defenses subject to litigation;

(2) the major legal issues (with supporting points and authorities);

(3) the relief claimed and calculation of damages sought; and

(4) any other information that may assist the court at trial.

**B.      MOTIONS IN LIMINE**

Before filing motions in limine, the parties/counsel shall comply with the statutory notice provisions of Code of Civil Procedure ("C.C.P.") Section 1005 and the requirements of Los Angeles County Court Rule ("Local Rule") 3.57(a). The caption of each motion in limine shall concisely identify the evidence that the moving party seeks to preclude. Parties filing more than one motion in limine shall number them consecutively. Parties filing opposition and reply papers shall identify the corresponding motion number in the caption of their papers.

**C.      JOINT STATEMENT TO BE READ TO THE JURY**

For jury trials, the parties/counsel shall work together to prepare and file a joint written statement of the case for the court to read to the jury (Local Rule 3.25(g)(4)).

**D.      JOINT WITNESS LIST**

The parties/counsel shall work together to prepare and file a joint list of all witnesses that each party intends to call, excluding impeachment and rebuttal witnesses (Local Rule 3.25(g)(5)). The joint witness list shall identify each witness by name, specify which witnesses are experts, estimate the length of the direct, cross examination and re-direct examination (if any) of each, and include a total of the number of hours for all witness testimony. The parties/counsel shall identify all potential witness scheduling issues and special requirements. Any party/counsel who seeks to elicit testimony from a witness not identified on the witness list must first make a showing of good cause to the trial court.

THIRD AMENDED ORDER RE FINAL STATUS CONFERENCE, PERSONAL INJURY COURTS
(Effective January 13, 2020)

**E.    LIST OF PROPOSED JURY INSTRUCTIONS**

      **(JOINT AND CONTESTED)**

The parties/counsel shall jointly prepare and file a list of proposed jury instructions, organized in numerical order, specifying the instructions upon which all sides agree and the contested instructions, if any. The List of Proposed Jury Instructions must include a space by each instruction for the judge to indicate whether the instruction was given.

**F.    JURY INSTRUCTIONS**

      **(JOINT AND CONTESTED)**

The parties/counsel shall prepare a complete set of full-text proposed jury instructions, editing all proposed California Civil Jury Instructions and insert party name(s) and eliminate blanks, brackets, and irrelevant material. The parties/counsel shall prepare special instructions in a format ready for submission to the jury with the instruction number, title, and text only (i.e., there should be no boxes or other indication on the printed instruction itself as to the requesting party).

**G.    JOINT VERDICT FORM(S)**

The parties/counsel shall prepare and jointly file a proposed general verdict form or special verdict form (with interrogatories) acceptable to all sides (Local Rule 3.25(g)(8)). If the parties/counsel cannot agree on a joint verdict form, each party must separately file a proposed verdict form.

**H.    JOINT EXHIBIT LIST**

The parties/counsel shall prepare and file a joint exhibit list organized with columns identifying each exhibit and specifying each party's evidentiary objections, if any, to admission of each exhibit. The parties/counsel shall meet and confer in an effort to resolve objections to the admissibility of each exhibit.

**I.    PAGE AND LINE DESIGNATION FOR**

      **DEPOSITION AND FORMER TESTIMONY**

If the parties/counsel intend to use deposition testimony or former trial testimony in lieu of any witness's live testimony, the parties/counsel shall meet and confer and jointly prepare and file a chart with columns for each of the following: 1) the page and line designations of the deposition or

Page 3 of 5

1   former testimony requested for use, 2) objections, 3) counter-designations, 4) any responses thereto,

2   and 5) the Court's ruling.

3   **3.      EVIDENTIARY EXHIBITS**

4          The parties/counsel shall jointly prepare (and be ready to temporarily lodge for inspection at

5   the FSC) three sets of tabbed, internally paginated by document, and properly-marked exhibits,

6   organized numerically in three-ring binders (a set for the Court, the Judicial Assistant and the

7   witnesses).  The parties/counsel shall mark all non-documentary exhibits and insert a simple written

8   description of the exhibit behind the corresponding numerical tab in the exhibit binder.  If the parties

9   have a joint signed exhibit list and electronic copies of their respective exhibits, then the

10  parties/counsel will not be required to produce exhibit binders at the FSC.  However, the exhibit

11  binders will be required by the assigned trial judge when the trial commences.  In the absence of

12  either a joint signed exhibit list or electronic copies, exhibit binders will be required to be produced

13  by all parties/counsel at the FSC.

14  **4.      TRIAL BINDERS REQUIRED IN THE PI COURTS**

15         The parties/counsel shall jointly prepare (and be ready to temporarily lodge and include the

16  following for inspection at the FSC) the Trial Documents consisting of conformed copies (if

17  available), tabbed and organized into three-ring binders with a table of contents that includes the

18  following:

19         Tab A:        Trial Briefs (Optional)

20         Tab B:        Motions in Limine

21         Tab C:        Joint Statement to Be Read to the Jury

22         Tab D:        Joint Witness List

23         Tab E:        Joint List of Jury Instructions (identifying the agreed upon and contested

24                       instructions)

25         Tab F:        Joint and Contested Jury Instructions

26         Tab G:        Joint and/or Contested Verdict Form(s)

27         Tab H:        Joint Exhibit List

28

THIRD AMENDED ORDER RE FINAL STATUS CONFERENCE, PERSONAL INJURY COURTS
(Effective January 13, 2020)

Tab I:     Joint Chart of Page and Line Designation(s) for Deposition and
           Former Testimony

Tab J:     Copies of the Current Operative Pleadings (including the operative complaint,
           answer, cross-complaint, if any, and answer to any cross-complaint).

The parties/counsel shall organize motions in limine (tabbed in numerical order) behind Tab B with the opposition papers and reply papers for each motion placed directly behind the moving papers. The parties shall organize proposed jury instructions behind Tab F, with the agreed upon instructions first in order followed by the contested instructions (including special instructions) submitted by each side.

**5.    FAILURE TO COMPLY WITH FSC OBLIGATIONS**

The court has discretion to require any party/counsel who fails or refuses to comply with this Amended Standing Order to Show Cause why the Court should not impose monetary, evidentiary and/or issue sanctions (including the entry of a default or the striking of an answer).

Dated: _Feb. 24, 2020_

SAMANTHA P. JESSNER
Supervising Judge of Civil Courts

THIRD AMENDED ORDER RE FINAL STATUS CONFERENCE, PERSONAL INJURY COURTS
(Effective January 13, 2020)

EXHIBIT "B" Page 131 of 158

2020-SJ-003-00



**FILED**
Superior Court of California
County of Los Angeles

FEB 24 2020

Sherri R. Carter, Executive Officer/Clerk

By_____ Deputy
        Coleta Alcino

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

# FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| IN RE PERSONAL INJURY CASES ASSIGNED TO PERSONAL INJURY COURTROOMS AT THE SPRING STREET COURTHOUSE | ) FIFTH AMENDED STANDING ORDER ) RE: MANDATORY SETTLEMENT ) CONFERENCE ) (Effective February 24, 2020) ) |

TO EACH PARTY AND TO THE ATTORNEY OF RECORD FOR EACH PARTY:

Pursuant to California Code of Civil Procedure, the California Rules of Court and the Los Angeles Court Rules, the Los Angeles Superior Court ("Court") HEREBY AMENDS AND SUPERSEDES THE September 26, 2019 FOURTH AMENDED STANDING ORDER, AND THE COURT HEREBY ISSUES THE FOLLOWING FIFTH AMENDED STANDING ORDER:

The Court orders the parties to participate in a Mandatory Settlement Conference ("MSC") supervised by a Personal Injury Court Judge and staffed by volunteer settlement attorneys from the American Board of Trial Advocates, the Association of Southern California Defense Counsel, and the Consumer Attorneys Association of Los Angeles.

1.  Plaintiff's counsel shall, within two (2) court days of the Court's order of an MSC, access the Consumer Attorneys Association of Los Angeles ("CAALA") website, at www.caala.org, and under "The LASC COURT CONNECTION" click on "LA Superior Court PI MSC (Parties)," to register and schedule a mutually agreed upon time for the MSC prior to the trial date.

2.  A mandatory settlement conference statement shall be served on all parties not less than five (5) court days before the scheduled MSC. Parties' counsel shall serve

1

2020-SJ-003-00

1   opposing counsel, CAALA at stuart@caala.org, and the Court by email.   Email

2   addresses for the PI courtrooms can be found on the Court's website at

3   www.lacourt.org, under *"Division"* go to *"Civil"*, then go to *"General Jurisdiction*

4   *PI Court"* then click on *"PI Courtroom Email Addresses"*.  CAALA will forward

5   the mandatory settlement conference statements to the settlement attorneys.

6   3.  Pursuant to California Rules of Court, Rule 3.1380(b) and Los Angeles Superior

7   Court Rule 3.25(d), trial counsel, the parties and persons, including insurance

8   company representatives with full settlement authority, must attend in person unless

9   the settlement judge excuses personal appearance for good cause.

10   4.  If the case settles prior to the scheduled MSC, Plaintiff's counsel shall notify the

11   specific Courtroom, forthwith, of such settlement by email and also CAALA by email

12   to stuart@caala.org.

13   5.  Parties and counsel are ordered to appear in in the assigned Personal Injury

14   Courtroom at the scheduled time and date of the MSC as selected by the parties'

15   counsel.

16   6.  The Court has the discretion to require any party and/or counsel who fails or refuses

17   to comply with this order to show cause why the Court should not impose monetary

18   sanctions.

19

20

21   Dated:  _Feb. 24, 2020_

22   SAMANTHA P. JESSNER
    Supervising Judge of Civil Courts

23

24

25

26

27

28

2

FIFTH AMENDED STANDING ORDER – MANDATORY SETTLEMENT CONFERENCE

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

LACIV 230 (NEW)
LASC Approved 4-11
For Optional Use

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

**◆Los Angeles County Bar Association Litigation Section◆**

**◆ Los Angeles County Bar Association
Labor and Employment Law Section◆**

**◆Consumer Attorneys Association of Los Angeles◆**

**◆Southern California Defense Counsel◆**

**◆Association of Business Trial Lawyers◆**

**◆California Employment Lawyers Association◆**

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

FAX NO. (Optional):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following:*

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

LACIV 229 (Rev 02/15)
LASC Approved 04/11
For Optional Use

**STIPULATION – EARLY ORGANIZATIONAL MEETING**

Page 1 of 2

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h.   Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i.   Whether the case is suitable for the Expedited Jury Trial procedures (see information at **www.lacourt.org** under "*Civil*" and then under "*General Information*").

2.   The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
      (INSERT DATE)                                          (INSERT DATE)
complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3.   The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.   References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____                    ➢ _____
        (TYPE OR PRINT NAME)                                    (ATTORNEY FOR PLAINTIFF)
Date:

_____                    ➢ _____
        (TYPE OR PRINT NAME)                                    (ATTORNEY FOR DEFENDANT)
Date:

_____                    ➢ _____
        (TYPE OR PRINT NAME)                                    (ATTORNEY FOR DEFENDANT)
Date:

_____                    ➢ _____
        (TYPE OR PRINT NAME)                                    (ATTORNEY FOR DEFENDANT)
Date:

_____                    ➢ _____
        (TYPE OR PRINT NAME)                                    (ATTORNEY FOR _____ )
Date:

_____                    ➢ _____
        (TYPE OR PRINT NAME)                                    (ATTORNEY FOR _____ )
Date:

_____                    ➢ _____
        (TYPE OR PRINT NAME)                                    (ATTORNEY FOR _____ )

LACIV 229 (Rev 02/15)          **STIPULATION – EARLY ORGANIZATIONAL MEETING**          Page 2 of 2
LASC Approved 04/11

**EXHIBIT "B" Page 136 of 158**

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:
E-MAIL ADDRESS (Optional):   FAX NO. (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

      i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

      ii. Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

      i. Also be filed on the approved form (copy attached);

      ii. Include a brief summary of why the requested relief should be denied;

**EXHIBIT "B" Page 137 of 158**

| SHORT TITLE: | CASE NUMBER |
|---|---|
| | |

    iii.   Be filed within two (2) court days of receipt of the Request; and

    iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

---

LACIV 036 (new)
LASC Approved 04/11
For Optional Use

**STIPULATION – DISCOVERY RESOLUTION**

Page 2 of 3

**EXHIBIT "B" Page 138 of 158**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

**The following parties stipulate:**

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR _____)

➤ _____
(ATTORNEY FOR _____)

➤ _____
(ATTORNEY FOR _____)

LACIV 036 (new)
LASC Approved 04/11
For Optional Use

**STIPULATION – DISCOVERY RESOLUTION**

Page 3 of 3

**EXHIBIT "B" Page 139 of 158**

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:

    ☐ Request for Informal Discovery Conference
    ☐ Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, <u>briefly</u> describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, <u>briefly</u> describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

---

LACIV 094 (new)
LASC Approved 04/11
For Optional Use

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

**EXHIBIT "B" Page 140 of 158**

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

**STIPULATION AND ORDER – MOTIONS IN LIMINE**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

## The following parties stipulate:

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____)

## THE COURT SO ORDERS.

Date: _____

_____
JUDICIAL OFFICER

EXHIBIT "B" Page 142 of 158

 **Superior Court of California, County of Los Angeles**

**ALTERNATIVE DISPUTE RESOLUTION (ADR)
INFORMATION PACKAGE**

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS must serve this ADR Information Package on any new parties named to the action with the cross-complaint.**

### What is ADR?

ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

### Advantages of ADR

- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties): Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

### Disadvantages of ADR

- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR and litigation and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

### Main Types of ADR:

1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   **Mediation may <u>not</u> be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

EXHIBIT "B" Page 143 of 158

**How to arrange mediation in Los Angeles County**

Mediation for civil cases is voluntary and parties may select any mediator they wish. Options include:

**The Civil Mediation Vendor Resource List**
If all parties agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases):

- **ADR Services, Inc.** Case Manager patricia@adrservices.com (310) 201-0010 (Ext. 261)
- **JAMS, Inc.** Senior Case Manager mbinder@jamsadr.com (310) 309-6209
- **Mediation Center of Los Angeles (MCLA)** Program Manager info@mediationLA.org (833) 476-9145
  - Only MCLA provides mediation in person, by phone, or by video conference.

These organizations cannot accept every case and they may decline cases at their discretion.
Visit www.lacourt.org/ADR.ResList for important information and FAQs before contacting them.
NOTE: This program does not accept family law, probate, or small claims cases.

- **Los Angeles County Dispute Resolution Programs**
  https://wdacs.lacounty.gov/programs/drp/
  - Small claims, unlawful detainers (evictions) and at the Spring Street Courthouse: limited civil.
    - Free, day-of-trial mediations at the courthouse. No appointment needed.
    - Free or low-cost mediations before the day of trial.
    - For free or low-cost Online Dispute Resolution ODR, by phone or computer before the day of trial visit
      http://www.lacourt.org/division/smallclaims/pdf/OnlineDisputeResolutionFlyer-EngSpan.pdf
- **Mediators and ADR and Bar organizations** that provide mediation may be found on the internet.

3. **Arbitration**: Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit http://www.courts.ca.gov/programs-adr.htm

4. **Mandatory Settlement Conferences (MSC)**: MSCs are ordered by the Court and are often held close to the trial date or on the day of trial. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit http://www.lacourt.org/division/civil/CI0047.aspx

**Los Angeles Superior Court ADR website:** http://www.lacourt.org/division/civil/CI0109.aspx
**For general information and videos about ADR, visit** http://www.courts.ca.gov/programs-adr.htm

LASC CIV 271 Rev. 01/20
For Mandatory Use

2

**EXHIBIT "B" Page 144 of 158**

FEB 0 4 2021

# EXHIBIT C

1  Stephanie A. Hingle (SBN 199396)
   Rebecca Kim (SBN 276163)
2  KUTAK ROCK LLP
   777 South Figueroa St., Suite 4550
3  Los Angeles, CA  90071-3329
   Telephone:     (213) 312-4000
4  Facsimile:      (213) 312-4001
   Email:          Stephanie.Hingle@KutakRock.com
5  Email:          Rebecca.Kim@KutakRock.com

6  Attorneys for Defendants
   NIKE INC., NIKE RETAIL SERVICES
7  INC. and NIKE USA INC.

8  **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9  **COUNTY OF LOS ANGELES**

10

11  ROBIN BROUILLETTE, an individual;          Case No.  21STCV01476

12                 Plaintiff,                   Assigned for All Purposes:
                                                Judge Christopher W. Dybwad
13           v.                                 Department 31

14  NIKE, INC.; NIKE RETAIL SERVICES,
    INC.; NIKE USA, INC.; and DOES 1-50,        **DEFENDANTS NIKE INC., NIKE RETAIL**
15  inclusive;                                  **SERVICES INC. AND NIKE USA INC.'S**
                                                **ANSWER AND AFFIRMATIVE DEFENSES**
16                 Defendants.                  **TO PLAINTIFF'S COMPLAINT FOR**
                                                **DAMAGES**
17
                                                **JURY TRIAL DEMANDED**
18
                                                Complaint filed:    January 14, 2021
19                                              Trial Date:         None set

20

21           COMES NOW Defendants NIKE INC., NIKE RETAIL SERVICES INC., and NIKE USA

22  INC. ("NIKE" or "Defendants") and answers Plaintiff ROBIN BROUILLETTE'S Complaint for

23  Damages, as follows:

24           Pursuant to *Code of Civil Procedure* section 431.30 subdivision (d), the answering

25  Defendants deny generally and specifically each and every allegation contained in the Complaint

26  for Damages and all causes of action contained therein, and denies that Plaintiff sustained damages

27  alleged, or at all, by reason of any act, breach or omission on the part of this answering Defendant,

28  its agents or employees.

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

- 1 -

ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT FOR DAMAGES;
DEMAND FOR JURY TRIAL

1

## AFFIRMATIVE DEFENSES

2    Discovery and investigation may reveal that one or more of the following additional

3    defenses are available to Defendants in this matter.  Defendants accordingly assert the following

4    defenses.  Upon completion of discovery, if the facts warrant, Defendants may withdraw any of

5    these defenses as may be appropriate.  Defendants further reserve the right to amend this Answer

6    to assert additional defenses and other claims as discovery proceeds.  Further answering, and by

7    way of additional defense, Defendants state as follows:

8

## FIRST AFFIRMATIVE DEFENSE

9    The Complaint fails to state facts sufficient to constitute a cause of action and otherwise

10    fails to state a claim upon which relief may be granted.

11

## SECOND AFFIRMATIVE DEFENSE

12    Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations,

13    including but not limited to the provisions of sections 335.1, 337, 337.1, 338, 339, 340.2, 343, 361,

14    366.1, and 377.74 of the California Code of Civil Procedure, as well as California Commercial

15    Code, section 2725 and including any applicable statute of limitation and/or statute of repose of

16    the state of Plaintiff's residence if not California.

17

## THIRD AFFIRMATIVE DEFENSE

18    Defendants owed no duty to Plaintiff, and in any event, violated no duty that they may

19    have owed to Plaintiff.

20

## FOURTH AFFIRMATIVE DEFENSE

21    Plaintiff's claims are barred in whole or in part by the doctrines of laches, waiver and

22    estoppel.

23

## FIFTH AFFIRMATIVE DEFENSE

24    Any and all injuries suffered by Plaintiff, the fact of which is expressly denied by

25    Defendants, were the direct and proximate result of sensitivities, medical conditions, reactions

26    and/or idiosyncrasies peculiar to Plaintiff that were unknown, unknowable or not reasonably

27    foreseeable to these Defendants, and not as a direct and proximate result of wrongful conduct on

28    the part of the Defendants, the fact of which is expressly denied by the Defendants.

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

- 2 -

## SIXTH AFFIRMATIVE DEFENSE

No act or omission of the Defendants was a substantial factor in bringing about the alleged injuries of Plaintiff, nor was any such act or omission a contributing cause thereof, and any alleged acts or omissions of Defendants were superseded by the acts or omissions of others, including Plaintiff, which were the independent, intervening, unforeseeable, or superseding and proximate cause of any injury, damage or loss sustained by Plaintiff.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to join all indispensable parties; as a result of such failure to join, complete relief cannot be accorded to those already parties to the action and will result in prejudice to the Defendant in any possible future litigation.

## EIGHTH AFFIRMATIVE DEFENSE

Defendants are informed and believe and on that basis allege that any injury, damage or detriment suffered by Plaintiff as a result of the facts, circumstances, or conduct alleged in the Complaint were caused, contributed to or exacerbated by the acts or omissions of others or Plaintiff for which Defendant is not responsible or liable, and such acts or omissions constitute superseding and/or intervening legal causes of Plaintiff's alleged damages, if any.

## NINTH AFFIRMATIVE DEFENSE

Defendant is informed and believes and thereon alleges that the other defendants, and third parties, including those who are not served herein, failed to exercise reasonable and ordinary care, caution or prudence in order to avoid the harm as alleged in Plaintiff's Complaint.  The resulting damages, if any, sustained by Plaintiff was legally caused, contributed to, or exacerbated by the negligence or other fault of said other parties.  If a judgment be rendered in favor of Plaintiff, and the negligence or other fault of said other parties be determined, allocated and apportioned, then any judgment rendered against Defendants shall be reduced by the amount thereof.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's injuries, if any, were caused by natural occurrences such that they would not be reasonably anticipated and guarded against, and therefore constitute unrecoverable losses resulting from an act of God.

- 3 -

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because all acts or omissions, if any, by these Defendants (or their agents or representatives) were privileged or justified and any claim based thereon is barred.

### TWELFTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff's claims are based on a theory providing for liability without proof of causation, the claims violate Defendants' rights under the United States Constitution.

### THIRTEENTH AFFIRMATIVE DEFENSE

Any warranties made by Defendants to Plaintiffs were disclaimed.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because Plaintiff failed to mitigate her damages, if any.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because assumed the risk of injury, if any, associated with the use of the premises. Plaintiff knowingly, voluntarily and unreasonably undertook to encounter each of the risks and hazards, if any, referred to in the Complaint and each alleged cause of action, and this undertaking proximately caused and contributed to any loss, injury or damages incurred by Plaintiff.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, are not recoverable because they are legally too remote, indirect and speculative.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, were the result of pre-existing medical and/or health conditions unrelated to any conduct of Defendants.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part to the extent Plaintiff has released, settled, entered into an accord and satisfaction, or otherwise compromised his claims.

/ / /

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

- 4 -

ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT FOR DAMAGES;
DEMAND FOR JURY TRIAL

**EXHIBIT "C" Page 150 of 158**

1

**NINETEENTH AFFIRMATIVE DEFENSE**

2        Plaintiff's claims are barred or reduced by Plaintiff's contributory and/or comparative

3  negligence and/or contributory and/or comparative fault.

4

**TWENTIETH AFFIRMATIVE DEFENSE**

5        To the extent Plaintiff's claims relate to Defendant's advertising, marketing, public

6  statements, lobbying, or other activities protected by the First Amendment to the United States

7  Constitution and the California Constitution, such claims are barred.

8

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

9        Defendant's liability, if any, for non-economic loss is limited to its equitable share,

10  determined in accordance with the relative culpability of all persons or entities contributing to

11  Plaintiff's total non-economic loss, if an, including those over whom Plaintiff could have obtained

12  personal jurisdiction with due diligence.

13

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

14        Any verdict or judgment that might be recovered by Plaintiff must be reduced by those

15  amounts that have indemnified, or will in the future, with reasonable certainty, indemnify Plaintiff

16  in whole or in part for any past or future claimed economic loss from any collateral source such as

17  insurance, social security, workers' compensation or employee benefit program.

18

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

19        Plaintiff's non-economic loss must be allocated in accordance with the provision of Cal.

20  Civil Code § 1431.1 ("Proposition 51").

21

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

22        Plaintiff's claims are barred in whole or in part under the doctrine of misjoinder.  Neither

23  the Complaint nor any purported cause of action alleged by Plaintiff herein state facts sufficient to

24  constitute a cause of action against Defendants due to Plaintiff's failure to name as a defendant

25  the correct legal entity, real party in interest and/or a proper alternative entity or alter ego under

26  California law.

27  / / /

28  / / /

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

- 5 -

ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT FOR DAMAGES;
DEMAND FOR JURY TRIAL

1

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

2       The Court lacks subject matter jurisdiction over the matters alleged in the Complaint

3  because the Complaint and each alleged cause of action against Defendants is barred by the

4  provisions of California Labor Code, section 3601, et seq.

5

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

6       Defendants allege that at the time of the injuries alleged in the Complaint, Plaintiff was

7  employed and was entitled to receive Workers' Compensation benefits from their employer; that

8  Plaintiff's employer, other than Defendants, was negligent in and about the matters referred to in

9  said Complaint, and that such negligence on the part of said employer proximately and concurrently

10 contributed to the happening of the accident and to the loss or damage complained of by Plaintiff,

11 if any there were, and that by reason thereof Defendants are entitled to set off any such benefits to

12 be received by Plaintiff against any judgment which may be rendered in favor of Plaintiff.

13

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

14      If discovery shows that at the time of the injuries alleged in the Complaint, Plaintiff was

15 employed by and entitled to Workers' Compensation benefits from Defendants, such benefits

16 constitute Plaintiff's exclusive remedy pursuant to Labor Code section 3600 et seq.

17

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

18      Defendants allege that at the time of the injuries alleged in the Complaint, Plaintiff's

19 employers, agents, managers, representatives, agents and/or affiliates were negligent in and about

20 the matters referred to in said Complaint, and that such negligence on the part of said individuals

21 and/or entities proximately and concurrently contributed to any loss or damage, including non-

22 economic damages, complained of by Plaintiff, if any there were; and that Defendants are not liable

23 for said proportionate share of non-economic damages.

24

## TWENTY-NINTH AFFIRMATIVE DEFENSE

25      At all times and places in the Complaint, Plaintiff was not in privity of contract with

26 Defendants and said lack of privity bars Plaintiff's recovery herein upon any theory of warranty.

27 / / /

28 / / /

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

- 6 -

ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT FOR DAMAGES;
DEMAND FOR JURY TRIAL **EXHIBIT "C" Page 152 of 158**

**THIRTIETH AFFIRMATIVE DEFENSE**

Defendants had no knowledge that any of the alleged activities of which Plaintiff complains, and which allegedly were conducted on premises owned by Defendants, were unsafe or dangerous, and Defendants therefore did not have a duty to warn Plaintiff regarding any such alleged dangers.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

At all times herein, Defendants maintained the premises at issue in a reasonably safe condition, and therefore, Plaintiff's claims are barred as a matter of California law.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

At all times herein, Plaintiff was trespassing on the Defendants' premises and/or did not have permission for access to or use of the premises as alleged, and therefore Defendants had no duty to warn Plaintiff of any alleged risks or hazards associated with the premises.

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

Defendants were under no legal duty to warn of the risks or hazards associated with the use of the premises as Plaintiff and Plaintiff's employers, agents, managers, representatives, agents and/or affiliates and/or certain third parties yet to be identified were known to be knowledgeable and sophisticated users and were reasonably relied upon to act upon their own independent duty to warn or protect Plaintiff from harm. Moreover, Defendants allege that said third-parties were the parties better positioned to warn Plaintiff and/or other users of the risks associated with the conduct alleged and Defendants reasonably relied on said individuals or entities to convey appropriate warnings to end users, including Plaintiff, obviating any such duty to warn on the part of Defendants.

**THIRTY-FOURTH AFFIRMATIVE DEFENSE**

Defendants had no actual or constructive knowledge of any hazards or risks associated with the premises as alleged, and therefore, Plaintiff's claims are barred as a matter of California law.

**THIRTY-FIFTH AFFIRMATIVE DEFENSE**

Defendants did not own, lease and/or control the property as alleged in the Complaint, and therefore, Plaintiff's claims are barred as a matter of California law.

///

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

**EXHIBIT "C" Page 153 of 158**

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

Defendants were not negligent in the use or maintenance of the property as alleged in the Complaint, and therefore, Plaintiff's claims are barred as a matter of California law.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

Defendants did not willfully or maliciously fail to protect others, including Plaintiff, or warn others, including Plaintiff, about a dangerous activity, use, structure or condition on the property, and therefore, Plaintiff's claims are barred as matter of California law.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

Defendants allege that no conduct by or attributable to them was the cause in fact or the proximate cause of the damages, if any, suffered by Plaintiff, nor a substantial factor in bringing about said damages.

## THIRTY-NINTH AFFIRMATIVE DEFENSE

Defendants allege that their liability, if any, in this matter is extremely minor relative to the liability of various third parties and, therefore, the damages, if any, assessed against it should be proportionate to the degree, nature and extent of its fault.

## FORTIETH AFFIRMATIVE DEFENSE

Defendants allege that their liability, if any, was not a substantial factor in causing Plaintiff's injuries, and therefore, Plaintiff's claims are barred as a matter of California law.

## FORTY-FIRST AFFIRMATIVE DEFENSE

Defendants allege that if Plaintiff's claims were already litigated and resolved in any prior action, Plaintiff's claims herein are barred based on the primary right and res judicata doctrines which prohibit splitting a single cause of action into successive suits and seeking new recovery for injuries for which the Plaintiff was previously compensated by alleged joint tortfeasors.

## FORTY-SECOND AFFIRMATIVE DEFENSE

Defendants had no knowledge that any of the alleged activities of which Plaintiff complains, and which allegedly were conducted on premises owned, operated, or controlled by Defendants, were unsafe or dangerous, and Defendants therefore did not have a duty to warn Plaintiff regarding any such alleged dangers.

- 8 -

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT FOR DAMAGES;
DEMAND FOR JURY TRIAL

EXHIBIT "C" Page 154 of 158

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### FORTY-THIRD AFFIRMATIVE DEFENSE

Defendants allege that they did not affirmatively contribute to any injury or damages alleged by Plaintiff, and this cannot be liable for such injuries or damages.

### FORTY-FOURTH AFFIRMATIVE DEFENSE

Defendants allege that they have no liability for the work of contractors at premises owned, operated, or controlled by Defendants, or premises where Defendants were present and working because they did not retain control over the work of the independent contractors, and Defendant cannot be liable for injuries caused by such contractors in the absence of retained control.

### FORTY-FIFTH AFFIRMATIVE DEFENSE

Because Plaintiff's Complaint is vague as drafted, these responding Defendants may not have anticipated each and every affirmative defense available and, on that basis, reserve the right to proffer additional affirmative defenses based on fact produced in this case.

### FORTY-SIXTH AFFIRMATIVE DEFENSE

Defendants also hereby gives notice that they intend to rely upon such other and further affirmative defenses as may become available during investigation and discovery in this action. Defendants reserve the right to amend this Answer to assert any such defenses, or to modify its admissions and denials herein, based on such investigation and discovery.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

**EXHIBIT "C" Page 155 of 158**

**PRAYER FOR RELIEF**

WHEREFORE, Defendants pray for relief as follows:

1.      That Plaintiff take nothing by way of her Complaint;

2.      That judgment be entered in favor of Defendants and against Plaintiff;

3.      That generally, Defendants be awarded its costs of suit incurred in this action, including costs and any other expenses; and

4.      For such other and further relief as the Court deems just and proper.

**JURY TRIAL DEMAND**

Defendants are entitled to, and hereby demand, a trial by jury.

Dated:   March 3, 2021                    KUTAK ROCK LLP

By: _____
Stephanie A. Hingle
Rebecca Kim
Attorney for Defendants
NIKE INC., NIKE RETAIL SERVICES
INC. and NIKE USA INC.

- 10 -

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT FOR DAMAGES;
DEMAND FOR JURY TRIAL

**EXHIBIT "C" Page 156 of 158**

# EXHIBIT D

Electronically FILED by Superior Court of California, County of Los Angeles on 01/14/2021 10:31 AM Sherri R. Carter, Executive Officer/Clerk of Court, by J. Tang, Deputy Clerk

**ROBINS CLOUD LLP**
Robert T. Bryson (SBN 156953)
Bradley R. Fagnani (SBN 261330)
808 Wilshire Blvd., Suite 450
Santa Monica, California 90401
Telephone (310) 929-4200
Facsimile (310) 566-5900
rbryson@robinscloud.com
bfagnani@robinscloud.com

Attorneys for Plaintiff,
ROBIN BROUILLETTE

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES

| | |
|---|---|
| ROBIN BROUILLETTE, an individual;<br><br>           Plaintiff,<br><br>vs.<br><br>NIKE, INC.; NIKE RETAIL SERVICES, INC.; NIKE USA, INC.; and DOES 1-50, inclusive;<br><br>           Defendants. | CASE NO: **21STCV01476**<br><br>**STATEMENT OF DAMAGES**<br><br>[UNLIMITED CIVIL ACTION] |

Plaintiff ROBIN BROUILLETTE hereby demands the following damages in this matter:

1. For economic damages in the amount of $1,000,000.00; and

2. For non-economic damages in the amount of $2,000,000.00.

Dated: January 14, 2021                    **ROBINS CLOUD LLP**

                              By: _____
                                 Robert T. Bryson, Esq.
                                 Bradley R. Fagnani, Esq.
                                 Attorneys for Plaintiff
                                 ROBIN BROUILLETTE

<div align="center">1</div>

<div align="center">

**STATEMENT OF DAMAGES**

</div>